### HEIN et al. v. WAHL.

No. 23269.  Jan. 29, 1935.

Tom E. Willis and A. O. Manning, for plaintiffs in error.

John Butler, for defendant in error.

PER CURIAM. Plaintiffs in error were plaintiffs below and defendant in error was defendant below. Let them be referred to herein as in the lower court.

This cause arose in the district court of Major county on March 5, 1931, when plaintiffs filed their petition. On May 23, 1931, judgment was rendered for plaintiffs for $816.70, with interest at ten per cent. per annum from March 4, 1931, $81.66 attorney's fees, and costs of the action. On June 26, 1931, execution was issued. On the following day it was levied upon defendant's undivided 1/18 interest in some 1,100 acres of land in several sections inherited by him and others from his father, his share being a fraction over 60 acres. Defendant had selected and occupied one quarter section as his homestead since the death of his father, Wilhelm Wahl. Susan E. Wahl, mother of defendant and wife of deceased, was appointed administratrix of the estate of Wilhelm Wahl, and distribution of said estate was made by the county court of Major county on March 17, 1930, decreeing to the 12 children of the deceased an undivided 1/18 interest each and to the widow an undivided 1/3 interest in the real estate involved. No partition of the real estate had been made, and all the heirs continued to hold it in common. Defendant paid rent on the portion he farmed, and received 1/18 of the rents on the entire acreage.

On July 16, 1931, the defendant filed his motion to quash the execution. The motion was heard on July 25, 1931, when evidence was received by the trial court; at which hearing the above facts were adduced.

At the conclusion of the hearing, the court found and adjudged that the motion should be sustained for the reason that the real estate levied upon and in controversy herein was the homestead of the defendant and not subject to be levied upon by execution.

The only question involved here, under the facts submitted to and found by the trial court, is whether a homestead, as contemplated by section 1 of article 12 of the Constitution, may be an undivided interest in real estate. The applicable part of the section is as follows:

"Section 1. The homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner."

The policy of this court has always been, and now is, to construe liberally this provision of the Constitution, in order to encourage the ownership of homes, where families may be safe and secure from misfortune or improvidence, believing that such security conduces to the stability and good order of the state. This doctrine is aptly set forth in 13 R. C. L. 543, sec. 4, as follows:

"The theory of the law with relation to homesteads is based upon the idea that, as a matter of public policy for the promotion of the government, it is proper he should have a home where his family may be sheltered and live beyond the reach of financial misfortune and the demands of the creditors who have given credit under such a law."

It is equally and aptly stated in 29 C. J. 842, sec. 11a:

"Ownership, Estate, or Interest in Property—A. In General. The homestead acts usually extend the right of exemption to the owner of the premises. Yet the purpose of the law is not to make the homestead privilege depend upon absolute ownership, but rather upon occupancy, coupled with some right or estate of the debtor in the property. Title in fee is not essential to the acquisition of a homestead exemption. A homestead right may be acquired in land in which claimant has a life estate, or in which he has a leasehold interest. While ordinarily it is essential that there should be at least a sufficient right to justify occupancy, a perfect and complete legal title is not necessary. Furthermore, the title or interest may be either legal or equitable, and the extent or duration thereof is not material."

This court has specifically held that a tenant in common may have a homestead in the lands held in common. Paragraph 1 of the syllabus of Atlas Supply Co. v. Blake, 51 Okla. 778, 152 P. 601, says:

"Homestead — Exemption — Persons Entitled — Tenant in Common. A tenant in common may have a homestead, and is entitled to a homestead exemption, in lands held in common."

This doctrine is reiterated in Baker v. Grayson, 86 Okla. 159, 207 P. 301, paragraph 2 of the syllabus reading:

"Homestead — Exemption — Right of Tenant in Common. The established rule in many jurisdictions that a tenant in common is entitled to a homestead exemption in land held in common should, under our policy of liberally construing the exemption law so as to afford protection to a debtor and his family in the possession of a home, obtain in this state."

The tenant in common's paying rent on the portion he occupies and receiving his pro rata share of the rent on all the common property is immaterial. This is merely a convenient method of preventing injustices and inequalities amongst the tenants in common because of one's occupying a larger portion of land or land of better quality than the others occupy. For the reasons stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. B. Wall, W. L. Chase, and E. B. Arnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wall, and approved by Mr. Chase and Mr. Arnold, the case was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.