William E. RUTLEDGE, Trustee of the Estate of Jackson Mortimer Nafe, a Bankrupt, Appellant,

v.

C. R. JOHANSEN and Jane Johansen, Appellees.

No. 6075.

United States Court of Appeals Tenth Circuit.

Sept. 12, 1959.

Breitenstein, Circuit Judge, dissented.

F. Paul Thieman, Jr., Tulsa, Okl., for appellant.

John R. Richards, Tulsa, Okl. (Joe B. Houston, Gerald B. Klein, R. L. Davidson, Jr., and Jack Fine, Tulsa, Okl., were with him on the brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

The appellant, trustee in bankruptcy of the estate of Jackson Mortimer Nafe, brought this action to recover property which Nafe transferred to appellee for an antecedent debt within four months preceding bankruptcy. At the time of the transfer, the property was Nafe's Oklahoma homestead. The transfer was voluntary and without fraud, and no exemption therefor was claimed in Nafe's bankruptcy schedule.

The trial court found that all requisites of a voidable preference as stated in Section 60, subs. a and b of the Bankruptcy Act, 11 U.S.C.A. § 96, 64 Stat. 24, were present, but held the preference nonvoidable because the property transferred was exempt under Oklahoma law. See Oklahoma Const. Art. 12, § 2; 31 O.S.A. § 1. The sole question on appeal is the correctness of this holding.

The trial court's judgment is directly supported by textbook law to the effect that "a transfer of exempt property of a debtor, though it is to a creditor and to apply on an antecedent indebtedness, does not give rise to a voidable preference." Remington on Bankruptcy, Vol. 4, § 1678. See also Collier on Bankruptcy, 14th Ed., Vol. 3, § 60.25. The statement is grounded in the legal concept that property exempt by law remains in the bankrupt, does not pass to the trustee, and the bankrupt's disposition of it prior to bankruptcy is therefore of no concern to the trustee or the creditors he represents. See Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; First National Bank of Cleveland v. Orten, 43 Okl. 325, 142 P. 1096; Annotation, 161 A.L.R. 1013–1018.

Without directly contending against this rule, the appellant takes the position that the effect of the trial court's judgment is to permit the transferee of the property to exercise an exemption which is personal to the transferrer and nontransferable. And, of course exemption rights are personal to the bankrupt and can be exercised by him alone. But even so, if the bankrupt had the right to transfer his exempt property prior to bankruptcy without committing a voidable preference, there were no exemption rights to be exercised in bankruptcy, and appellant's argument must therefore fail.

It is true that exemption rights are determinable as of the date of the filing in bankruptcy (see White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301), and that the trustee shall "set apart the bankrupts' exemptions allowed by law, if claimed * * *." Section 47, sub. a(6), 11 U.S.C.A. § 75, sub. a(6). And, the bankrupt shall file "a claim for such exemptions as he may be entitled to * * *." Section 7, sub. a(8). It has been suggested that "affirmative steps must be taken, both by the bankrupt and by those administering the bankruptcy estate, before exempt property can be allowed to the bankrupt." Gardner v. Johnson, 9 Cir., 195 F.2d 717, 720.

While there is much to be said for confining exemption rights to those claimed and set apart upon adjudication, it seems more in consonance with the spirit and purpose of the exemption laws as they are honored in bankruptcy, to hold these administrative directions applicable only to exempt property of which the bankrupt was seized at the time of the filing of bankruptcy. For to hold otherwise would afford creditors a right in exempt property prior to bankruptcy which the law does not give them

at the time of the filing or after adjudication. And, it would deny to the bankrupt the right to accomplish before bankruptcy that which he could clearly do after bankruptcy. Surely, if a bankrupt is entitled to have exempt property of which he is seized at the time of the filing of the bankruptcy set apart from the bankruptcy estate, he is entitled to make a valid transfer of it prior to the date of the filing. This view accords the bankrupt his full right under the exemption laws, while at the same time preserving to the trustee the right to challenge the exempt character of the transferred property in proceedings like these. We hold that the trial court correctly honored the preference, and the judgment is affirmed.

BREITENSTEIN, Circuit Judge (dissenting).

The property was conveyed and the homestead abandoned prior to bankruptcy. The bankrupt did not claim an exemption for the property. A decision upholding the transfer runs contrary to the rules, recognized by the majority, that the status and rights of the bankrupt, the creditors and the trustee are determined as of the date of the filing of the petition in bankruptcy and that an exemption must be claimed by the bankrupt. Failure to follow these rules favors an agressive creditor and deprives a bankrupt of the means of rehabilitation which the exemption laws are intended to afford. The fact that the debtor could make the transfer after bankruptcy is, to me, no answer. Before bankruptcy an honest man strives to prevent the impending disaster. After bankruptcy he attempts to save what he can from the wreck. These simple considerations justify the policy of fixing rights as of date of bankruptcy and of giving to the bankrupt, not to a transferee, the right to claim an exemption. I would reverse the judgment.