**In the Matter of Benjamin HAUSMAN,
d/b/a Hausman's, Bankrupt.**

**No. 823.**

United States District Court
M. D. Georgia,
Valdosta Division.

June 28, 1962.

Martin, Snow, Grant & Napier, T.
Baldwin Martin, Jr., Macon, Ga., for
claimant.

J. Lundie Smith, Valdosta, Ga., for trustee in bankruptcy.

**BOOTLE, Chief Judge.**

On October 25, 1950, Beatrice Hausman, claimant herein, caused to be issued an insurance policy upon the life of her son, Benjamin Hausman, the wife of Benjamin Hausman being named as beneficiary in the policy. On November 21 of the same year, the ownership of the policy was transferred to the insured, Benjamin Hausman. Thus remained the status of the policy until August 24, 1959, when the two children of the insured were named beneficiaries of the policy in lieu of the insured's wife. On November 30, 1959, Benjamin Hausman transferred ownership of the policy back to Beatrice Hausman, to whom he was indebted in the amount of some $32,000.-00, and at the same time she was made beneficiary of the policy. On December 14, 1959, Beatrice Hausman surrendered the policy, receiving its cash surrender value of $4002.00, after payment of a bank loan of approximately $9,000.00 to secure which the son had hypothecated the policy. Benjamin Hausman filed his voluntary petition in bankruptcy on March 7, 1960, within four months of the transfer of the policy to Beatrice Hausman. On April 25, 1960, Beatrice Hausman voluntarily surrendered the proceeds of the policy to the trustee in bankruptcy, pending determination of her right to said proceeds. Thereafter, on February 7, 1961, Beatrice Hausman filed her petition for reclamation in which she seeks return of the $4002.00 cash surrender value of the insurance policy. All premiums were paid by the mother, Beatrice Hausman. Her claim to the proceeds of the policy is based upon Ga.Code Ann. § 56–905 (now § 56–2505).

The trustee was of the opinion that the claimant was entitled to the proceeds of the insurance policy, and petitioned the Referee to abandon the $4002.00 to her. The Referee, after hearing evidence and considering written briefs presented by the parties, denied claimant's petition for reclamation. The basis for the denial of claimant's petition was that the transfer of the policy was a preference as defined by Section 60, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 96,[1] and further, that even if there was no preference, claimant was entitled to no relief for two reasons:

First, the bankrupt did not claim the insurance policy as exempt property, and the trustee is without power or authority to set aside as exempt property which the bankrupt has not requested to be set aside;

Second, Section 6 of the Bankruptcy Act, 11 U.S.C.A. § 24, prevents property from being set aside as exempt which has been transferred by the bankrupt and recovered by the trustee.[2]

Upon the rendering of the Referee's order denying her claim, claimant filed a petition for review of his order by this court.

1. "A preference is a transfer, as defined in this title, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class." 11 U.S.C.A. § 96, sub. a(1).

2. "This title shall not affect the allowance to bankrupts of the exemptions which are prescribed by the laws of the United States or by the State laws in force at the time of the filing of the petition in the State wherein they have had their domicile for the six months immediately preceding the filing of the petition, or for a longer portion of such six months than in any other State: *Provided, however*, That no such allowance shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this title for the benefit of the estate, except that, where the voided transfer was made by way of security only and the property recovered is in excess of the amount secured thereby, such allowance may be made out of such excess." 11 U.S.C.A. § 24.

In reviewing the order of the Referee, attention is first called to his finding that even if the transfer of the insurance policy from the bankrupt to claimant was not a preference, the Referee could not allow reclamation by the claimant by virtue of the fact that the bankrupt did not claim the insurance policy as exempt at the time of filing his petition in bankruptcy. While it is true that ordinarily exemption rights are limited to those claimed by the bankrupt and set apart upon adjudication,

"it seems more in consonance with the spirit and purpose of the exemption laws as they are honored in bankruptcy, to hold these administrative directions applicable only to exempt property of which the bankrupt was seized at the time of the filing of bankruptcy. For to hold otherwise would afford creditors a right in exempt property prior to bankruptcy which the law does not give them at the time of the filing or after adjudication. And, it would deny to the bankrupt the right to accomplish before bankruptcy that which he could clearly do after bankruptcy. Surely, if a bankrupt is entitled to have exempt property of which he is seized at the time of the filing of the bankruptcy set apart from the bankruptcy estate, he is entitled to make a valid transfer of it prior to the date of the filing." Rutledge v. Johansen, 270 F.2d 881 (10th Cir.1959).

The bankrupt here was not seized of the insurance policy at the time of filing his petition in bankruptcy. In fact, the insurance policy had already been surrendered. The Referee erred in his finding that it was necessary for the bankrupt to claim the policy as exempt before it could be treated as exempt property.

Likewise, the finding of the Referee that Section 6 of the Bankruptcy Act precluded the turning over of the cash surrender value of the insurance policy to claimant is also erroneous. Section 6 provides that no allowance of exemptions "shall be made out of the property which a bankrupt transferred or concealed and which is recovered or the transfer of which is avoided under this act for the benefit of the estate, * * *." If we assume for the moment that the transfer here was not a preference, but was a valid transfer of exempt property, we conclude that the trustee had no right to the property, and title to the property did not pass to him. When Beatrice Hausman voluntarily delivered the cash surrender value of the policy to the trustee, she did no more than temporarily relinquish custody of it to him. She did not part with title to the property. There was no recovery of the property by the trustee as contemplated by Section 6 of the Act which would preclude the allowance of Beatrice Hausman's claim to the proceeds of the insurance policy. The recovery by the trustee here must be viewed in the light of whether, had he instituted proceedings to effectuate a recovery of the property, such proceedings would have been successful. Here, assuming the transfer was not a preference, the trustee could not have recovered the property. Cf. 1 Collier, Bankruptcy, § 6.11 p. 847 (14th ed. 1940). This is not a case where the bankrupt is requesting that property be set aside as exempt which had been recovered by the trustee after a preferential transfer by the bankrupt. It is not disputed that in such a case the bankrupt would not be entitled to an exemption. 1 Collier, Bankruptcy, § 6.11 p. 849 (14th ed. 1940). This is not a case of "setting aside property as exempt" at all. The issue here is whether, assuming there is no preferential transfer, the property in question should be abandoned by the trustee to the rightful owner. Thus stated, the court feels that the above quoted portion of Section 6 of the Act has no application here.

Turning now to the question whether the transfer was a preference as contemplated by the act, we reach the principal and controlling issue in this case. It is the claimant's contention that the assignment of the insurance policy to

her was not a preference for the reason that it was exempt property at the time of its transfer on November 30, 1959, and in the absence of fraud, transfer of exempt property is not a preference.

As provided by Ga.Code Ann. § 56–905, "If a policy of life * * * insurance * * * is effected by any person on his own life, or on another life, in favor of a person other than himself, or except, in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance * * * shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, * * *."

■ Prior to November 30, 1959, the policy had as its beneficiary the two children of the insured. If the insured had gone into bankruptcy prior to that time, the policy of insurance would have been exempt from the demands of the creditors. By his actions on November 30, 1959, the insured transferred the ownership of the policy to claimant, and at the same time named her as beneficiary thereof. He thus made a transfer of exempt property. The act of transferring exempt property prior to bankruptcy by the bankrupt does not in itself cause such property to lose its exempt character.

"[P]roperty exempt by law remains in the bankrupt, does not pass to the trustee, and the bankrupt's disposition of it prior to bankruptcy is therefore of no concern to the trustee or the creditors he represents." Rutledge v. Johansen, 270 F.2d 881, 882 (10th Cir. 1959).

" '[A] transfer of exempt property of a debtor, though it is to a creditor and to apply on an antecedent indebtedness, does not give rise to a voidable preference.' Remington on Bankruptcy, Vol. 4, § 1678. See also Collier on Bankruptcy, 14th Ed. Vol. 3, § 60.25." ibid.

There are instances, however, when an insurance policy may lose its exempt character. Thus where the bankrupt changes the beneficiary for his personal advantage, the cash surrender value of the policy shall constitute unadministered assets of the bankrupt estate. In Re Messinger, 29 F.2d 158 (2d Cir. 1928). A statute such as Ga.Code Ann. § 56–905 does not seek to protect the bankrupt, but it protects the rights of the beneficiary or assignee of the insurance policy from the creditors of the insured. In Re Messinger, supra. In this case, the insured did not cause the insurance to lose its exempt character by transferring its ownership to claimant, as there is no showing nor finding that the transfer was for his own personal advantage.

■ Upon becoming owner and beneficiary of the insurance policy, claimant had the right to surrender the policy and receive its cash surrender value, and such proceeds were not recoverable by the trustee. Schwartz v. Holzman, 69 F.2d 814 (2d Cir. 1934).

The fact that the claimant is a "person so effecting" the insurance on the bankrupt does not remove her from the bounds of protection afforded beneficiaries and assignees of life insurance policies by the statute (Ga.Code Ann. § 56–905). Giving to the statute a liberal interpretation (Schwartz v. Holzman, supra, at 815), this court feels that the statute removes persons effecting insurance on the life of another from its protection only when such "person so effecting" the insurance is the debtor against whom creditors are seeking relief. The mere fact that claimant happens to be the person who effected the insurance on bankrupt's life does not disentitle her to its proceeds and avails as against his, not her, creditors.

These views make it unnecessary to inquire whether there was a transfer for or on account of an antecedent debt made or suffered by the bankrupt while insolvent, the effect of which will be to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class as contemplated by Sec-

tion 60, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a(1).

Accordingly, this court finds that the transfer of the insurance policy from the bankrupt was not a preferential transfer which was voidable by the trustee. Nor has there been any finding that the transfer was made with intent to defraud creditors. The order of the Referee is therefore set aside, and this case is remanded to the Referee with directions to enter an order granting to the claimant the relief sought in her petition for reclamation.