**V. H. CARROLL, Trustee in Bankruptcy of Bobby Howard Jones, dba Gate 3 Furniture Company, Plaintiff,**

v.

**Bobby MANSELL and Delores K. Mansell, Defendants.**

Civ. No. 63-317.

United States District Court
W. D. Oklahoma.

March 7, 1966.

Norman E. Reynolds, Jr., Oklahoma City, Okl., for plaintiff.

Ralph W. Newcombe, Lawton, Okl., for defendants.

DAUGHERTY, District Judge.

This matter came on for arguments on Motions for Summary Judgment filed by both the plaintiff and the defendants. In open Court both sides stated that there were no material factual issues, and waiving jury trial, agreed to submit the matter to the Court for decision on the merits. For the purpose of reaching a decision on the merits by the Court all affidavits, exhibits, depositions and interrogatories and answers thereto by agreement were considered as introduced in evidence. The introduction of further evidence was waived by all parties. Oral arguments on the matter were received and briefs have been submitted. The matter is now to be disposed of on the issues as drawn by the pleadings.

The plaintiff as a trustee in bankruptcy, brings this case in two separate causes of action. As to the first cause of action set forth in the complaint, the defendants have admitted liability thereon and that the plaintiff is entitled to recover on said cause of action. But the defendants by allegations in their pleadings seek to put into issue the value of the personal property transferred to them by the bankrupt after bankruptcy. The value as set forth and established in the affidavits and exhibits submitted by plaintiff stands uncontroverted and the Court finds that said personal property had a value of $1428.73. Thus, as the matter stands presented to the Court on the first cause of action the plaintiff is entitled to judgment in the amount of $1428.73, plus 6% interest from September 23, 1963.

As to the second cause of action, the Court finds the occurrence of the following events:

On February 9, 1962, the bankrupt, Bobby Howard Jones, conveyed to his wife, Betty Jean Jones, by quitclaim deed three pieces of property known as 1601, 1603 and 1605 Taft Street, in Lawton,

Oklahoma. No consideration passed between these parties in connection with these conveyances. The bankrupt at the time was insolvent. The conveyances were made for the purpose of delaying, hindering and defrauding the creditors of the bankrupt by attempting to remove these properties from their reach and place them with his wife to the exclusion of his creditors. At the time of said conveyance the property at 1603 Taft Street was the homestead of the bankrupt and his wife.

On February 12, 1962, the defendants delivered direct to the bankrupt $7000.00 in money, the wife of bankrupt gave to the defendants a warranty deed to 1603 Taft, which instrument was intended as a security device for the $7000.00 loan, in other words, intended as a mortgage. The deed was signed only by the wife of the plaintiff but a mortgage on the same property was also delivered to the defendants at the same time which was signed by both the bankrupt and his wife. This mortgage was never recorded.

On April 28, 1962, the bankrupt and his wife by mutual agreement and accompanied by actual occupancy changed the homestead from 1603 Taft to 1605 Taft.

On May 2, 1962, the wife of bankrupt instituted a divorce action against the bankrupt in Comanche County, Oklahoma.

On May 3, 1962, the defendants filed of record the above-mentioned warranty deed executed by the wife of bankrupt covering 1603 Taft. This deed was filed as a deed and when filed was not accompanied by an instrument explaining it to be a mortgage.

On June 4, 1962, a divorce decree was granted to the wife of bankrupt, in which she was given the properties at 1601, 1603 and 1605 Taft. This decree was entered pursuant to a waiver filed in the case by the bankrupt.

On June 7, 1962, the divorce decree above-mentioned was filed of record in the District Court of Comanche County, Oklahoma.

On June 8, 1962, the bankrupt was adjudicated to be a bankrupt.

In view of the foregoing events which the Court finds to have occurred and about which there is little, if any, dispute, the plaintiff trustee claims, among other things, that the transfer of the 1603 Taft property was a preferential transfer under Sections 60a(1) and 60a(7) and was a fraudulent transfer under Sections 67d and 70a(4) of the Bankruptcy Act, hereinafter referred to as the Act, and that the trustee is entitled to recover the same for the benefit of the creditors of the bankrupt. This is based on the proposition that the transfer of said property from the bankrupt through his wife to the defendants was preferential in that it was made while insolvent within four months before bankruptcy for an antecedent debt (based on a failure to record within 21 days) and enabled the defendants to obtain a greater percentage of their debt than some other creditor of the same class and was a fraudulent transfer in that it was made within one year prior to bankruptcy and was made with actual intent to hinder, delay, or defraud creditors, and that at the time of bankruptcy (June 8, 1962), said property was not exempt property as a homestead of the bankrupt, in view of the fact that it ceased to be such on April 28, 1962, when then abandoned as such; and furthermore, bankrupt and his wife acquired on said date (April 28, 1962) another and different homestead which was the last homestead of the bankrupt prior to his adjudication as a bankrupt. The plaintiff trustee further asserts that the bankrupt was insolvent at the time of the conveyance of 1603 Taft to his wife on February 9, 1962, and this was known by her, and was also insolvent on February 12, 1962, when the bankrupt received $7000.-00 from the defendants, and they received the afore-mentioned warranty deed (intended to be a mortgage) and mortgage with reference to 1603 Taft, and that this insolvency of the bankrupt at that time was known by the defendants.

It is the position of the defendants that 1603 Taft at the time it was conveyed by the bankrupt to his wife and then mortgaged by the wife to them, was the home-

stead of the parties and exempt as to the creditors of the bankrupt; that said conveyance and mortgage therefore could not be deemed to be in fraud of creditors when made and under the authority of Rutledge v. Johansen, (10 Cir. 1959), 270 F.2d 881, the transfer of homestead property prior to adjudication in bankruptcy does not afford a right thereafter in the trustee in bankruptcy to recover the same for the benefit of creditors.

■ The Court takes judicial notice that a proceeding styled V. H. Carroll, Trustee, versus Mrs. Bobby Howard Jones, Civil case No. 9911 in this Court, was instituted by the same plaintiff trustee herein to recover from the wife of the bankrupt herein for the benefit of creditors the property at 1605 Taft, among other properties, and in said action a consent judgment was reached by the parties therein involved by which said property at 1605 Taft was found to be the last homestead of the bankrupt and Mrs. Jones, and as such could now be retained by her and was thus placed beyond the reach of the trustee for the benefit of the creditors of the bankrupt therein. This result as to 1605 Taft followed and was dictated by Rutledge, supra, inasmuch as said property was the last homestead of the bankrupt prior to bankruptcy. In this action, the conveyance of 1603 Taft from the bankrupt herein to his wife was voided as between them.

■ It is appropriate at this time to mention that if the plaintiff does not prevail in this litigation with reference to 1603 Taft for the reason that it is exempt as homestead property, that from the properties of the bankrupt there will have been two properties placed beyond the reach of his creditors on the basis of homestead exemption, namely, 1605 and 1603 Taft. There can be no doubt that it has never been the intention of any legislation on the subject that a result could be reached where two properties of a bankrupt can be placed beyond the reach of his creditors on the basis of a homestead exemption.

■■ The Court concludes that the transfer of 1603 Taft from the bankrupt to his wife and then the mortgage thereof from his wife to the defendants were both fraudulent under Sections 67d(2)(d).[1] and 70a(4)[2] of the Act, and 24 Okl. St.Ann. § 5[3] and § 10[4] made applicable

1. (Section 67d(2) (d) reads in part as follows:)
"Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this Act by or against him is fraudulent * * * (d) as to then existing and future creditors, if made or incurred with actual intent as distinguished from intent presumed in law, to hinder, delay, or defraud either existing or future creditors."

2. (Section 70a(4) reads in part as follows:)
"Title to property. a. The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * * (4) property transferred by him in fraud of his creditors;."

3. (Title 24, Sec. 5 of the Oklahoma Statutes reads as follows:)
"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

4. (Title 24, Sec. 10 of the Oklahoma Statutes reads as follows:)
"Instruments without consideration or made in bad faith.
"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

by Section 70(e) [5] of the Act. Moreover, the 1603 Taft property is not entitled to the cloak of homestead exemption herein or in the bankruptcy proceeding. Thus, same is recoverable by the trustee. Further, any right in and to 1603 Taft by the defendants by virtue of their holding a mortgage on said property cannot be recognized because of their involvement in a scheme to defraud the creditors of the bankrupt as hereinafter set out and because the filing of the deed intended to be a mortgage, with no explanatory instrument filed therewith, gives them only such right, title and interest as would befall the holders of an unrecorded mortgage (an unsecured creditor), in view of the provisions of 46 Oklahoma Statutes, Sections 8 and 10.[6]

■ The Court further finds and concludes that the transfer of 1603 Taft from the bankrupt to his wife and the mortgage thereof from his wife to the defendants, constituted a preferential transfer under Sections 60a(1) [7] and (7) [8] of the

5. Section 70(e) of the Bankruptcy Act reads in part as follows:

"e. (1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this Act which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this Act, shall be null and void as against the trustee of such debtor.

"(2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate; Provided, however, That the court may on due notice order such transfer or obligation to be preserved for the benefit of the estate and in such event the trustee shall succeed to and may enforce the rights of such transferee or obligee. The trustee shall reclaim and recover such property or collect its value from and avoid such transfer or obligation against whoever may hold or have received it, except a person as to whom the transfer or obligation specified in paragraph (1) of this subdivision is valid under applicable Federal or State Laws.

"(3) For the purpose of such recovery or of the avoidance of such transfer or obligation, where plenary proceedings are necessary, any State court which would have had jurisdiction if bankruptcy had not intervened and any court of bankruptcy shall have concurrent jurisdiction."

6. Title 46, Oklahoma Statutes, Sections 8 and 10 read as follows:

"Every grant of real property, or of any estate therein, which appears by any other writing, to be intended as a mortgage within the meaning of this chapter, must be recorded as a mortgage; and if such grant and other writing explana-tory of its true character are not recorded together at the same time and place, the grantee can derive no benefit from such record." 46 O.S.1961, Sec. 8.

"Every instrument explanatory of any deed or other writing purporting to be a conveyance but intended to be defeasible or as security for the payment of money, shall be deemed a part thereof, and must be filed and recorded therewith; and unless such instruments are so filed and recorded together, they and each of them shall have no other effect than an unrecorded mortgage, and the recording of the principal instrument shall secure no rights to the holder thereof." 46 O.S. 1961, Sec. 10.

7. Section 60a(1) of the Bankruptcy Act, reads as follows:

"Preferred Creditors. a. (1) A preference is a transfer, as defined in this Act, of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this Act, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class."

8. Section 60a(7) of the Bankruptcy Act, reads as follows:

"Any provision in this subdivision a to the contrary notwithstanding if the applicable law requires a transfer of property other than real property for or on account of a new and contemporaneous consideration to be perfected by recording, delivery, or otherwise, in order that no lien described in paragraph (2) could become superior to the rights of the transferee therein, or if the applicable law requires a transfer of real property for such a consideration to be so perfected in order that no bona fide purchase from the debtor could create

Act, inasmuch as such transfer was made within four months before the filing of the petition in bankruptcy against the bankrupt herein, was made while the bankrupt was insolvent, in that the then fair salable value of his property was less than the amount required to pay his debts, and was made for the benefit of defendants on account of an antecedent debt, in that under Section 60a(7) an antecedent debt is present since the defendants did not record their mortgage within twenty-one days after receiving same, and therefore the transfer, in law, is deemed to have been made immediately before the filing of the petition in bankruptcy herein for the antecedent debt created on February 12, 1962.

■ The Court further finds and concludes that the transactions and conveyances between the bankrupt and his wife on February 9, 1962, and the wife of the bankrupt and the defendants on February 12, 1962, were all a part of a plan and scheme involving all of said parties to place properties of the bankrupt who was then insolvent beyond the reach of and to the detriment of the bankrupt's creditors; that in the circumstances of this being all known and participated in by all of the parties involved the same cannot be approved, and particularly with a result which would place two properties of the bankrupt, conveyed while insolvent, beyond the reach of his creditors on the basis of a homestead exemption.

■ The Court further finds and concludes that the wife of the bankrupt in the deed and mortgages of February 9 and 12, 1962, respectively, was merely a

conduit or a sham or straw woman, in effect the alter ego of the bankrupt; that the transaction was actually between the bankrupt and the defendants, and while a fair consideration may have passed from the defendants to the bankrupt, the transfers were made in bad faith and with actual intent on the part of all concerned to hinder, delay and defraud existing and future creditors of the bankrupt.

Quite frankly, this Court is unable to laud the legal principle established by Rutledge, supra. Nevertheless, the Court would follow this case herein provided it would fit the facts of this controversy. However, a clear distinction is noted in the facts in Rutledge and those existing here. In Rutledge, the homestead was conveyed and abandoned as such voluntarily and without fraud prior to bankruptcy but no new homestead was subsequently acquired or claimed as a homestead by the bankrupt prior to the bankruptcy proceeding. In this case, the homestead was conveyed to the wife and mortgaged by her (but was not abandoned as a homestead since title remained in the wife until some two and one-half months later), but before bankruptcy the bankrupt and his wife acquired another homestead. In addition, the said conveyance and mortgage was tainted with fraud. This acquisition by the bankrupt and wife of a new or different homestead before bankruptcy was not present in the Rutledge case nor was fraud there present. Such facts should prevent the application of that case to this controversy or else a bankrupt by maneuvering prior to bankruptcy could clothe a large number

rights in such property superior to the rights of the transferee, the time of transfer shall be determined by the following rules:

"I. Where (A) the applicable law specifies a stated period of time of not more than twenty-one days after the transfer within which recording, delivery, or some other act is required, and compliance therewith is had within such stated period of time; or where (B) the applicable law specifies no such stated period of time or where such stated period of time is more than twenty-one days, and compliance therewith is had within twenty-one

days after the transfer, the transfer shall be deemed to be made or suffered at the time of the transfer.

"II. Where compliance with the law applicable to the transfer is not had in accordance with the provisions of subparagraph I, the transfer shall be deemed to be made or suffered at the time of compliance therewith, and if such compliance is not had prior to the filing of the petition initating a proceeding under this Act, such transfer shall be deemed to have been made or suffered immediately before the filing of such petition."

of his properties with a homestead status and then convey each while it possessed the homestead status and his creditors would have resort to none of these properties in the subsequent bankruptcy proceeding.

Therefore, plaintiff is entitled to judgment on the second cause of action setting aside the warranty deed and mortgage to the defendants and quieting the title of plaintiff in and to 1603 Taft Street, which is legally described as Lots 29 and 30, Block 46, Subdivision of Lawton Heights Addition to the City of Lawton, Comanche County, Oklahoma, according to the recorded plat thereof, as against any claim of these defendants. The defendants should be directed to execute a quitclaim deed to said property to the plaintiff and upon failure to do so the judgment to be entered herein shall effect such transfer. The Court does find that the defendants will be entitled to file a claim in the bankruptcy estate upon the execution of said quitclaim deed.

It is, therefore, determined by the Court that the plaintiff should have judgment on his first cause of action for $1,-428.73 plus 6% per annum interest thereon from September 23, 1963, and on his second cause of action setting aside the warranty deed and mortgage to the defendants and quieting title in the trustee herein as against the defendants in Lots 29 and 30, Block 46, Subdivision of Lawton Heights Addition to the City of Lawton, Comanche County, Oklahoma, according to the recorded plat thereof, and

It is further determined by the Court that the defendants should execute a quitclaim deed to said Lots 29 and 30, Block 46, Subdivision of Lawton Heights Addition to the City of Lawton, Comanche County, Oklahoma, to the trustee herein, and the judgment to be entered herein shall contain a provision effecting such transfer of title upon failure of the defendants to execute said quitclaim deed.

Counsel for the plaintiff is directed to prepare a judgment consistent with the foregoing and submit it to the Court for approval and signing within ten (10) days hereof.