In re Craig L. TREIBER, Debtor.

John B. JARBOE, Trustee, Plaintiff,

v.

Barbara C. TREIBER, Defendant.

Bankruptcy No. 87–00595–C.
Adv. No. 87–0328–C.

United States Bankruptcy Court,
N.D. Oklahoma.

Aug. 26, 1988.

John B. Jarboe, Tulsa, Okl., for plaintiff.

Robert Inglish, Okmulgee, Okl., for defendant.

MEMORANDUM OPINION and ORDER

STEPHEN L. COVEY, Bankruptcy Judge.

This matter comes on for decision by this court on the joint motion of debtor Craig L.

Treiber and defendant Barbara C. Treiber for summary judgment.

The court finds that the instant action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1334 and 1409 respectively.

The court makes the following findings of fact and conclusions of law as required by Bankruptcy Rule 7052:

### Findings

On September 11, 1986 and within one year of his bankruptcy, the debtor conveyed his ½ interest in his residence to his wife, Barbara Treiber, defendant herein. At the time of the conveyance, the debtor and defendant owned the property as joint tenants and not as tenants-in-common and did at that time and at all times thereafter reside in the property with their children. The conveyance was in payment of a debt owed by the debtor to the defendant in the approximate amount of $75,000.

Thereafter, on March 10, 1987 and within one year of the conveyance, the debtor filed for relief under chapter 7 of the Bankruptcy Code. On the 9th day of April, 1987, John B. Jarboe was appointed trustee of the estate. On October 1, 1987, the trustee filed this adversary proceeding seeking to avoid said conveyance by virtue of § 547 of the Bankruptcy Code. Said section states, in pertinent part, as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
> * * * * * *
>
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

> (5) that enables such creditor to receive more than such creditor would receive if—
>
> (A) the case were a case under chapter 7 of this title;
>
> (B) the transfer had not been made; and
>
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The debtor filed amendments to schedule B–4, Property Claimed Exempt, on October 27, 1987 and again on March 3, 1988 claiming the residence as exempt property under 31 O.S. § 1, which, in pertinent part, as follows:

> A. [T]he following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts ...;
>
> 1. The home of such person, provided that such home is the principal residence of such person....

Okla.Stat.Ann. tit. 31, § 1(A)(1) (1988).

On March 31, 1988, the trustee objected to the debtor's claim of exemption alleging that debtor had conveyed his interest in the residence to his wife, defendant herein, and therefore had no interest to claim as exempt.

On April 12, 1988, the adversary proceeding against Barbara Treiber and the objection to the claimed exception were consolidated (because the same issues of law and fact were involved in each dispute) and set for trial.

On the 7th day of June, 1988, the debtor filed a motion for summary judgment on the objection to his claim of exemption which was joined in by the defendant in regard to the complaint for recovery of the preference.

### Conclusions of Law

■ At a pretrial conference it was decided that two questions of law should be ruled upon by the court prior to an evidentiary hearing. The first question of law is whether it is possible to have a voidable

preference under § 547 of the Bankruptcy Code, assuming all statutory requirements of a preference are met, where the subject matter of the preference is totally exempt property. This issue was decided by the United States Court of Appeals for the Tenth Circuit in the case of *Rutledge v. Johansen*, 270 F.2d 881 (10th Cir.1959). In that case, the bankrupt, within four months of bankruptcy, while insolvent, transferred to the defendant his Oklahoma homestead property in payment of an antecedent debt. The appellate court held that even though all requisites of a voidable preference had been met, the transfer was nonvoidable because the property transferred was exempt under Oklahoma law. That court stated:

> The trial court's judgment is directly supported by textbook law to the effect that a transfer of exempt property of a debtor, though it is to a creditor and to apply on an antecedent indebtedness, does not give rise to a voidable preference.
>
> * * * * * *
>
> For to hold otherwise would afford creditors a right in exempt property prior to bankruptcy which the law does not give them at the time of the filing or after adjudication. And, it would deny to the bankrupt the right to accomplish before bankruptcy that which he could clearly do after bankruptcy. Surely, if a bankrupt is entitled to have exempt property of which he is seized at the time of the filing of the bankruptcy set apart from the bankruptcy estate, he is entitled to make a valid transfer of it prior to the date of the filing. This view accords the bankrupt his full right under the exemption laws, while at the same time preserving to the trustee the right to challenge the exempt character of the transferred property in proceedings like these.

The trustee argues that the *Rutledge* case is no longer controlling because it was decided under the old Bankruptcy Act and not under the present Bankruptcy Code.

One of the reasons for the court's ruling in *Rutledge* was that under the Bankruptcy Act exempt property did not become part of the bankrupt's estate and, therefore, conveyance of such property could not be preferential.

The trustee points out that under the Bankruptcy Code exempt property does become part of the estate and then, if properly claimed, is exempted out, and therefore, a conveyance of such property could be considered preferential if all other requirements are met. The trustee contends that this procedural difference in allowing exemptions effectively eliminates the *Rutledge* case as a precedent.

This court rejects that argument. The requisites of a preference under the old Bankruptcy Act and the new Bankruptcy Code are substantially the same. Whether exempt property can be the subject matter of a preferential transfer should not depend upon the method in which the exemptions are claimed and allowed. No creditor is injured when the entire subject matter of a preference consists of exempt property. If the property had not been conveyed, the creditors would not have shared in it. In short,—no harm, no foul.

The second question of law to be decided is if the court holds that exempt property can be the subject matter of a preference, does the trustee gain anything by setting aside the conveyance. Even though this question is moot if the above holding is correct, a ruling on this issue should be made.

The homestead exemption under the statutes and Constitution of the State of Oklahoma is discussed in great detail in *In re Wilmsmeyer*, 2 B.C.D. 482 (1975), opinion by United States Bankruptcy Judge David Kline of the Western District of Oklahoma. Judge Kline held that a bankrupt who, prior to bankruptcy, had conveyed away his homestead residence but on the date of bankruptcy still resided on the property with his wife and family was still entitled to a homestead exemption in the property. Judge Kline set out the following rules in regard to Oklahoma homesteads:

## LAW

### HOMESTEAD EXEMPTION

#### *Time Determinable*

Exemption rights are determinable as of the date of bankruptcy and the trustee is

obliged to set apart any exemptions allowed by law. *Rutledge v. Johannsen* [*Johansen*], 270 F.2d 881, 882 (CA 10 1959).

### Policy

"The policy of this court has always been, and now is, to construe liberally this provision of the Constitution [concerning homestead exemption], in order to encourage the ownership of homes, where families may be safe and secure from misfortune or improvidence, believing that such security conduces to the stability and good order of the state." *Hein v. Wahl*, [170 Okl. 402] 40 P.2d 683, 684 (Okla.S.Ct.1935). *Moreover, the homestead is reserved to family if title is in either husband or wife; and an individual interest of a tenant in common may be held as homestead of his family. Lehman v. Tucker*, [176 Okl. 286] 55 P.2d 62 (Okla.S.Ct.1936). *And such undivided interest in realty is not subject to be levied on by execution. Hein v. Wahl, supra.* [emphasis mine]

### Nature of Ownership Interest Required

"While it has been said that ordinarily there can be no homestead right without ownership, legal or equitable, of the homestead property, and ownership is expressly required by some [5] decisions, the purpose of the law ... is not to make the homestead privilege. depend on absolute ownership, but rather on occupancy, coupled with some right or estate of the debtor in the property." 40 C.J.S. Sec. 78, p. 517, citing *Hein v. Wahl*, [170 Okl. 402] 40 P.2d 683 (Okla.S.Ct.1935).

As a general rule ownership in fee is not essential in order to establish a homestead right in land. The homestead right is not an estate in land, but a mere privilege of exemption from execution of such estate as the holder has. Any interest in land coupled with the requisite occupancy is sufficient to support a homestead exemption. It may be supported by a life estate, by a leasehold interest, by a tenancy at will or at sufferance, or by a mere possessory interest or

equitable title.... In fact one wrongfully in possession, but claiming a right to hold, may impress upon the premises occupied the character of a homestead against creditors and all other persons except the owner of superior title (citing authorities)." *Mercer v. McKeel,* [188 Okl. 280] 108 P.2d 138, 141 (Okla.S.Ct. 1940).

Additionally, it has even been held that mere possession without title is sufficient to support homestead right under Oklahoma law. *In re Wineland,* 3 F.Supp. 796, 797 (D.C.Okla.1933).

### Conveyance

Under Oklahoma law a husband and wife can convey their homestead to a third party, but "no deed, mortgage, or contract relating to the homestead exempt by law ... shall be valid unless in writing and subscribed by both husband and wife where both are living (1971) Sec. 4. Also, see *Grenard v. McMahon* [McMahan], 441 P.2d 950 (Okla.S.Ct.1968). And any deed given in compliance with this statute takes effect from the date of its delivery. *May v. Archer,* 302 P.2d 768, 771 (Okla.S.Ct.1956).

*In re Wilmsmeyer,* 2 B.C.D. 482.

 Applying these rules to the instant case, it is clear that even if the trustee were to avoid the conveyance, the debtor and debtor's wife and family would still have a homestead exemption in the residential property which would be superior to any rights of the trustee. Also, even if this court were to hold that the conveyance was a voidable preference and that the debtor had waived his homestead exemption because of the conveyance, the wife and family would still have the exemption which would be superior to the rights of the trustee.

The trustee argues that if the conveyance is set aside, he would become a co-tenant in the property and his interest as a co-owner would be superior to the homestead interests of the other co-tenants. The trustee contends that the homestead exemption of the wife and family would only be valid against creditors and could

not be used to defeat his right to partition as a co-tenant. This court rejects such argument.

The trustee, even if deemed to be a co-tenant, is only liquidating the assets of the debtor for the benefit of the creditors and, therefore, while a homestead interest may not be superior to the interest of a co-tenant, it is superior to the interest of a trustee in bankruptcy. To hold otherwise would simply allow the husband's creditors to indirectly, through the trustee, defeat the homestead interests of the wife and family when they could not do this acting their own. Accordingly,

The joint motion of debtor and defendant for summary judgment is GRANTED and this adversary proceeding is concluded.