**In re Audrey E. NOBLIT, Debtor.**

**James FOX, Successor Trustee, Plaintiff/Appellee,**

v.

**Arlan and Donna SMOKER, Defendants/Appellants.**

No. CIV. 93–0039 PHX EHC.

Bankruptcy No. 90–7998 PHX GBN.

Adv. No. 92–204.

United States District Court,
D. Arizona.

May 13, 1994.

Allan D. NewDelman, Phoenix, AZ, for defendants/appellants.

Joseph Huey, Phoenix, AZ, for plaintiff/appellee.

## ORDER

## AFFIRMING JUDGMENT OF BANKRUPTCY COURT

CARROLL, District Judge.

Defendants/appellants Arlan and Donna Smoker appeal an order of the Bankruptcy Court, dated November 30, 1992, granting summary judgment in favor of the trustee and against defendants. The issues on appeal are fully briefed; appellants' request for oral argument has been denied.

The relevant facts of this case are not subject to any meaningful dispute:

On July 31, 1990, debtor Audrey Noblit filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Prior to the filing of the Chapter 7 petition, debtor paid appellants $11,500.00. The payment occurred within the ninety (90) day preference period of 11 U.S.C. § 547 and was in partial satisfaction of an antecedent debt.

The $11,500.00 payment by debtor to appellants represented part of $17,858.41 in proceeds from the sale of debtor's residence. Debtor had filed a homestead exemption on her residence on May 16, 1990 which was recorded with the Maricopa County Recorder's Office.

Debtor claimed the remaining balance from the sale of her residence as exempt property on her bankruptcy schedules.

On March 4, 1992, the trustee filed a complaint to avoid the allegedly preferential transfer from debtor to defendants. Defendants answered and moved for summary judgment. The Bankruptcy Court denied defendants' motion for summary judgment and granted the trustee's cross-motion for summary judgment.

*Standard of Review*

■ The bankruptcy court's conclusions of law are reviewed *de novo.* *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 245 (9th Cir.1989).

*Argument*

In their opening brief, appellants contend that the issue on appeal is whether a prepetition transfer of exemptible property constitutes an avoidable preference under 11 U.S.C. § 547(b). Section 547(b) provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to of for the benefit of a creditor;

(2) for or on account of any antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between 90 days and one year before the date of the filing of the petition, if such debtor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

    (A) the case were a case under Chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Bankruptcy Code § 547(b).

Appellants rely principally on *In Re Treiber*, 92 B.R. 930 (Bkrtcy.N.D.Okla.1989). In *In Re Treiber*, within one year of his bankruptcy, debtor conveyed his one-half interest in his residence to his wife as satisfaction for an antecedent debt. 92 B.R. at 931. At the time of the conveyance, debtor and his wife owned the property as joint tenants. *Id.* The court held that debtor's conveyance was not a voidable preference and that debtor had not waived his homestead exemption. *Id.* The court concluded that:

> [n]o creditor is injured when the entire subject matter of a preference consists of exempt property. If the property had not been conveyed, the creditors would not have shared in it. In short,—no harm, no foul.

*Id.* at 932. The court further held that even if it were to find that the conveyance was a voidable preference and that debtor had waived his homestead exemption because of the conveyance, debtor's wife would still have a homestead exemption in the her half of the property which would be superior to the rights of the trustee. *Id.* at 933.

    ■ In his response brief, the trustee argues that at the time debtor filed bankruptcy, she no longer "owned" the proceeds of the sale of her home and could not claim the proceeds as exempt because exemptions are determined at the time the bankruptcy petition is filed. *See Matter of Kazi*, 985 F.2d 318 (7th Cir.1993). The trustee also argues that appellants have no standing to claim debtor's homestead exemption as their defense to this action to avoid a preferential transfer. Rather, the trustee contends that the right to assert property as exempt is a personal right of the debtor which exists only for the benefit of the debtor and his dependents. 11 U.S.C. § 522(b).

Appellants summarily dismiss the trustee's argument that they lack standing to claim debtor's homestead exemption as a defense to this action:

> The issue before this Court is whether there is an avoidable preference when the property transferred is exempt property. Appellee's arguments in regards to Smoker's standing to defend himself in a preference action is misplaced. The issue is not the exemption but whether the transfer constitutes an avoidable preference under 11 U.S.C. § 547(b).

Reply Brief at 7.

Appellants' position is against the decided weight of the authority, which holds that the right to claim property as exempt is personal to the debtor:

> To permit a creditor to raise the issue of exemptability, as a defense to a preference, would violate both the nature and theory of exemptions. The opportunity to claim an exemption would no longer be personal to the debtor, neither would it exist only for his benefit. Instead, the right would be shared by the debtor with certain creditors and would exist for the benefit of the debtor and certain preferred creditors. Furthermore, the purpose of an exemption is to keep property out of the hands of a creditor.

*In re Richards*, 92 B.R. 369, 372 (Bankr. N.D.Ind.1988). *Accord In re Rundlett*, 149 B.R. 353, 358 (Bankr.S.D.N.Y.1993); *Matter of Wickstrom*, 113 B.R. 339, 351 (Bankr. W.D.Mich.1990); *In re Cates*, 73 B.R. 874, 877 (Bankr.D.Or.1987); *Matter of Osburn*, 56 B.R. 867, 874 (Bankr.S.D.Ohio 1986); *Matter*

*of Ross,* 18 B.R. 364, 369 (Bankr.N.D.N.Y. 1982).[1]

For the reasons stated in *In re Richards, supra,* the Court concludes that appellants do not have standing to raise the issue of the exemptibility of the property as a defense to the trustee's action to avoid the transfer at issue.[2]

Accordingly,

IT IS ORDERED affirming the judgment of the Bankruptcy Court.

---

1. In the case principally relied on by appellants, *In re Treiber, supra,* debtor had filed an amendment to his schedule B-4, Property Claimed Exempt, claiming the residence as exempt property. 92 B.R. at 931. The trustee objected to the claimed exemption, alleging that debtor had no interest to claim as exempt following the conveyance of his interest to his wife. *Id.* The trustee also instituted an adversary proceeding against debtor's wife to avoid the allegedly preferential transfer. *Id.* The two disputes—between the trustee and debtor and the trustee and debtor's wife—were consolidated because the same issues of law and fact were involved. *Id.* Thus, the *Treiber* court did not reach the issue of whether a creditor has standing to claim the debtor's home-

stead exemption as a defense to an action to avoid a preferential transfer.

2. Because of this conclusion, the Court need not address appellants' argument that a transfer of exempt property to a creditor does not constitute an avoidable preference. However, the Court notes in passing that the substantial weight of the authority disagrees, holding that the trustee has the power to avoid transfers of the proceeds of what might otherwise be considered exemptible property. *See e.g. In re Rundlett,* 149 B.R. at 358 ("When a debtor chooses to transfer exemptible property to a creditor, the debtor is deemed to have chosen not to claim that property as exempt.") (citing cases).