**In re Richard R. WRIGHT, Jr., and Katherine N. Wright, Debtors.**

**W. Ryan HOVIS, Trustee-Appellee,**

v.

**Katherin N. WRIGHT and The South Carolina Retirement System, Appellants.**

**Bankruptcy No. 82–01480.**
**Civ. A. No. 83–1020–0.**

United States District Court,
D. South Carolina,
Columbia Division.

Dec. 29, 1983.

David R. Duncan, Rock Hill, S.C., for Hovis.

J. Ernest Kinard, Jr., Camden, S.C., for debtors Wright.

Kenneth P. Woodington, Columbia, S.C., for S.C. Retirement System.

## ORDER

PERRY, District Judge.

This is an appeal from an order of the Bankruptcy Court for the District of South Carolina. The question involved is whether the Bankruptcy Court may direct the South Carolina Retirement System to turnover to a trustee in bankruptcy funds which the debtor has previously paid into the Retirement System. The Bankruptcy Court ruled that the funds contributed to the South Carolina Retirement System were property of the debtor's estate and were not exempt. It therefore ordered the Retirement System to turn these funds over to the trustee in bankruptcy. The South Carolina Retirement System and the debtor appeal this Order. For the reasons set forth herein, this Court concludes that the Bankruptcy Court erred in its ruling and reverses.

## I. THE FACTS

This matter was submitted to the Bankruptcy Court on stipulated facts. On September 8, 1982, the debtor, Katherine N. Wright, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code of 1978 (11 U.S.C. § 701 *et seq.*).[1] Mrs. Wright is an employee of the South Carolina Department of Education. She is required by South Carolina law to make, has made, and continues to make contributions to the South Carolina Retirement System. These contributions are deducted directly from her paychecks. S.C.Code Ann. § 9–1–480 (Law.Co-op.1976). Mrs. Wright can withdraw no funds which she has contributed to this retirement fund unless she retires, terminates her employment with the South Carolina Department of Education, is disabled, or dies. S.C.Code Ann. §§ 9–1–1650 & 9–1–1660. None of these

contingencies has occurred. Among her assets, the debtor listed "SC Teachers Retirement System—no current value." The debtor also sought to exempt from the bankruptcy action all funds held by the South Carolina Retirement System on her behalf.

The trustee/appellee was appointed interim trustee for the estate of the debtor and continues to serve in that capacity. He filed adversary pleadings objecting to the debtor's attempt to exempt the funds held by the Retirement System and sought an order under 11 U.S.C. § 542 requiring the Retirement System to turnover all contributions the debtor had made to the Retirement System and the interest thereon. The trustee does not seek turnover of any matching contributions made by the State of South Carolina to the Retirement System, or any interest in the Retirement System accounts traceable to these matching contributions.

## II. THE ORDER OF THE BANKRUPTCY COURT

In an Order of March 11, 1983, the Bankruptcy Court required the Retirement System to turn over the funds it held on behalf of the debtor. The Bankruptcy Court ruled that the accumulated contributions held by the Retirement System were part of the debtor's estate within the meaning of 11 U.S.C. § 541(a). That section states, in pertinent part, that "Such estate is comprised of all of the following property wherever located: (1) ... all legal or equitable interests of the debtor ... as of the commencement of the case." The court ruled that under this broad provision, the funds held by the Retirement System were part of the estate, and subject to turnover unless exempt.

The court determined that the South Carolina statutes controlled in determining whether the debtor could exempt her retirement funds. The Court found that the only relevant statute was S.C.Code

---

**1.** Katherine N. Wright filed her Chapter 7 petition jointly with her husband, but because the husband has no direct role in the issues before

this Court, this memorandum will refer throughout to the debtor (singular).

Ann. § 15–41–200(10)(E) (Law.Co-op.Supp. 1982), but ruled that this provision exempted only *benefit payments* from a pension fund, not the underlying fund. Because the debtor was not eligible to receive payments at the time she commenced her bankruptcy action, the court ruled that this section provided her with no exemption. Order at 4.

The Bankruptcy Court continued, analogizing the debtor's interest in the Retirement System to an individual retirement account (IRA), and concluding that like an IRA holder, the debtor can withdraw the funds: the IRA holder can withdraw his funds subject to 10% penalty. "Similarly, Mrs. Wright may withdraw her aggregate funds, but only if she should 'cease to be a teacher.' § 9–1–1650 (Supp.1982)." Order at 6.

Turning then to the position of the South Carolina Retirement System, which had opposed the trustee's turnover action, the Bankruptcy Court ruled, first, that exemption under S.C.Code Ann. § 9–1–1680 (Law. Co-op.1976) is personal to the debtor, and cannot be exercised by the Retirement System; and, second, the statutes restricting the transfer of the debtor's interest in the Retirement System were voided by 11 U.S.C. § 541(c)(1)(A). That provision states that "an interest of the debtor in property becomes property of the estate ... notwithstanding any provision—(A) that restricts or conditions transfer of such interest by the debtor; ..." The court contended that if S.C.Code Ann. 9–1–1680 could defeat turnover the uniformity necessary to bankruptcy law would be lost and it concluded that the debtor's contributions to the Retirement System were "property of the estate" under 11 U.S.C. § 541(a)(1), and were not exempt, and ordered the Retirement System to turn these funds over to the trustee pursuant to 11 U.S.C. § 542.

Judgment on this Order was entered on March 15, 1983. On March 22, the South Carolina Retirement System noticed its appeal from the judgment. On March 28, the debtor noticed her appeal. After the appellants had designated the record and stated their issues for this appeal, the Bankruptcy Court issued an order on April 25, 1983, consented to by all parties staying its judgment pending the resolution of the appeal in this Court.

### III. DISCUSSION

Before this Court, the appellants press two contentions. As a threshold issue, they contend that the Bankruptcy Court erred in concluding that the debtor's contributions to the South Carolina Retirement System are "property of the estate" under the controlling statute, 11 U.S.C. § 541.

The appellants argue that the debtor's interest is both contingent and nontransferable. (Appellants' brief at 3.) As general authority for their position, the appellants cite *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). That case, however, was decided under the old Bankruptcy Act, not the current Bankruptcy Code of 1978. Passage of the new Code makes reliance on cases decided under the earlier statute at best uncertain.

An examination of 11 U.S.C. § 541, the legislative history of that section, and the cases construing it demonstrates that the restrictive reading which the appellants seek is unwarranted. The section states that the debtor's "estate is comprised of ... all legal and equitable interests of the debtor in property." The Senate Report on the Bankruptcy Code says of this language:

> The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ..., and all other forms of property currently specified in section 70a of the Bankruptcy Act § 70a, as well as property recovered by the trustee under section 542 of proposed title 11, if the property recovered was merely out of the possession of the debtor, yet remained "property of the debtor." The debtor's interest in property also includes "title" to property, which is an interest, just as are a possessory interest, or leasehold interest, for example.

S.Rep. No. 989, 95th Cong., 2d Sess. 82, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5868.

In like manner, the case law supports an expansive reading of this section, a reading inconsistent with that which the appellants would require. *See, e.g., Hovis v. Lowe, (In re Lowe )*, 25 B.R. 86, 87–88 (Bkrtcy.D. S.C.1982); *Matter of Yancy,* 23 B.R. 945, 950 (Bkrtcy.E.D.Mich.1982); *Matter of Ross,* 18 B.R. 364, 367 (N.D.N.Y.1982).

■ None of these cases deals with a situation completely analogous to the instant case, and I have found no case squarely on point. I am therefore somewhat hesitant to agree wholeheartedly with the ruling of the Bankruptcy Court that the debtor's contributions to the South Carolina Retirement System are property of the estate within the meaning of 11 U.S.C. § 541. On the other hand, it appears that the section establishes coverage sufficiently broad to overcome the various difficulties I have encountered, and on this point, this Court agrees with the Bankruptcy Court: the debtor's contributions are property of the estate under 11 U.S.C. § 541.

The Bankruptcy Court found that the only relevant exemption statute in this matter was S.C.Code Ann. § 15–41–200(10)(E) (Law.Co-op.Supp.1982) which exempts "a payment under a . . . pension . . . or similar plan or contract on account of . . . disability, death, age or length of service." Believing this to be the only relevant statute, the court reasoned that because the debtor is not yet eligible to receive funds from the Retirement System, she could not claim the benefit of this statute.

However, S.C.Code Ann. § 9–1–1680 (Law.Co-op.1976) appears to be the controlling exemption statute. That statute provides:

The right of a person to an annuity or a retirement allowance or to the return of contributions, an annuity or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this chapter [dealing with the South Carolina Retirement System], and the moneys of the System created hereunder, are hereby exempted from any State or municipal tax and exempted from levy and sale, garnishment, attachment or anyother process whatsoever and shall be unassignable except as herein specifically otherwise provided.

The Bankruptcy Court ruled that this statute did not control for two reasons: first, the court contended that the statute was being asserted only by the Retirement System while this exemption is personal to the debtor; second, the court ruled that this statute was invalid because it conflicted with federal law.

The debtor's answer to the trustee's complaint belies the contention that only the South Carolina Retirement System has asserted this exemption. The debtor stated at ¶ 2:

That this Defendant would show that under Section 91–1680 of the Code of Laws of South Carolina her right to any funds in the South Carolina Retirement System is exempt from levy and sale, garnishment, attachment or any other process and is unassignable. In addition, the Defendant would show that she has no present right to any funds in the System and can only claim a right to any funds from the System upon her death, disability or termination of employment.

By contrast, in its answer, the South Carolina Retirement System did not rely on this exemption.[2]

**2.** Because the debtor has asserted this exemption, the authority relied on by the Bankruptcy Court is factually inapposite. In *Matter of Ross,* 18 B.R.Rep. 364 (N.D.N.Y.1982), *affirmed sub nom Regan v. Ross,* 691 F.2d 81 (2d Cir.1982), the district court considered a situation in which the debtor, as part of a chapter 13 proceeding, sought to make a pension being paid by a state retirement system subject to income de-

duction orders. The retirement system challenged the validity of these income deduction orders, contending that the retirement benefits were unassignable under a New York statute. The retirement system sought to assert the exemption of the pension benefits, and the court ruled that this exemption was personal to the debtor and could not be asserted by the retirement system. This ruling is inapplicable to the

The Bankruptcy Court's second rationale for voiding this exemption, the need for uniformity in defining the property of the estate, likewise fails. For this position, the Bankruptcy Court relies on the definition of the property of the estate, found in 11 U.S.C. § 541(c)(1)(A): "an interest of the debtor in property becomes property of the estate notwithstanding any provision—(A) that restricts or conditions transfer of such interest by the debtor."

■ The Bankruptcy Code, however, must be read as a whole, rather than considering a single provision in isolation. I find that 11 U.S.C. § 522(b) controls in this instance. That section states in pertinent part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition.

The Bankruptcy Court did not mention 11 U.S.C. § 522(b)(2), or explain why it was inapplicable to this case. Instead, the court relied exclusively on 11 U.S.C. § 522(b)(1). Sub-sub-sections (1) and (2) establish alternative systems of exemption. A debtor may elect to rely on § 522(b)(1), which allows the debtor to claim only the exemptions specified in 11 U.S.C. § 522(d), except where these exemptions are disallowed under state law. Section 522(d), like S.C.Code Ann. § 15–41–425 exempts only payments from a pension, not the underlying fund. The Bankruptcy Court reasoned that 11 U.S.C. § 522(b)(1), in conjunction with S.C.Code Ann. § 15–41–425, exempted only payments not the debtor's contributions to the Retirement System.

Section 522(b) specifically allows the debtor to proceed under sub-paragraph (2), as an alternative to § 522(b)(1). In that instance, 11 U.S.C. § 522(d) does not come into play. Likewise, S.C.Code Ann. § 15–41–425 has no application. The two sub-paragraphs of 11 U.S.C. § 522(b) are exclusive. Subparagraph (2)(A) begins "any property that is exempt under Federal law, other than subsection (d) of this section." The debtor proceeding under 11 U.S.C. § 522(b)(2) could not claim any benefit of 11 U.S.C. § 522(d), or S.C.Code Ann. § 15–41–200, but the debtor was also relieved of the limitations imposed by those statutes and was therefore free to claim the benefit of the exemption provided by 11 U.S.C. § 522(b)(2) and S.C.Code Ann. § 9–1–1680, which exempts her contributions to the Retirement Fund.

■ The Bankruptcy Court relied on the need to maintain uniformity in bankruptcy proceedings, particularly with regard to the definition of property of the estate. The question with respect to 11 U.S.C. § 522(b), however, is one of uniformity of exemptions rather than uniformity in defining the property of the estate. Uniformity of exemption is not mandatory. The specific reliance on the laws of the state of the debtor's domicile shows that Congress intended to allow for variations in exemptions.

The Bankruptcy Court relied on *Hovis v. Lowe* (*In re Lowe*), 25 B.R.Rep. 86 (Bkrtcy. D.S.C.1982) where the debtor sought to exempt an individual retirement account (IRA). In the instant case, the court ruled that the debtor's contributions to the Retirement System were analogous to an IRA. I disagree. It is true that, as with an IRA, there is no guarantee that the debtor will maintain her funds in the Retirement System until she retires. Beyond this the similarity ends, as an examination of·the authorities which the Bankruptcy Court cited in *Hovis v. Lowe* shows.

instant matter. In *Ross,* the debtor did not assert the exemption; the debtor opposed the assertion of the exemption. The retirement system sought to assert the exemption over the debtor's objection. By contrast, in this case, the debtor has asserted the exemption. Under these circumstances, I believe *Ross* has no application.

Discussing IRA's, the court in *Lowe* quoted from *In re Talbert*, 15 B.R. 536, 538 (Bkrtcy.W.D.La.1981):

Public policy dictates that such an account not be held exempt. The Court agrees with the Trustee's argument that to allow a debtor to exempt this property [an IRA] would give him a license to convert non-exempt cash to an exempt savings account on the eve of bankruptcy, such account being revocable at his discretion. After the bankruptcy the money could be withdrawn with a negligible penalty of ten per cent (10%).

Several differences between the IRA and the present debtor's account with the Retirement System are apparent. First, I am aware of no means by which the debtor could have made extra contributions to the Retirement System. Second, I believe public policy requires protection of the Retirement System.

The difference between and IRA an the funds held by the Retirement System is again emphasized by another passage quoted in *Lowe*, taken from *In re Howerton*, 21 B.R. 621, 623–24 (Bkrtcy.N.D.Tex.1982):

This court cannot ignore the real nature of the Debtors' IRAs. They are basically tax deferrment plans over which the Debtors exercise a great deal of control. They may withdraw the cash value of the annuity subject to a tax assessment at anytime [sic] and there is no guarantee the funds will be retained until retirement. If the Debtors have the unlimited capacity to reach these funds, so does the Trustee.

There is no suggestion that the South Carolina Retirement System is a tax deferrment plan.

██ Critically, I find that the debtor's capacity to withdraw funds from an IRA is very different from her capacity to withdraw funds held by the Retirement System. The debtor does not have unlimited capacity to withdraw funds from the Retirement System. Indeed, an irony of this case is that the debtor might well have avoided bankruptcy had she been allowed to withdraw these funds. The court in *Howerton*

and in *Lowe* concluded that where the debtor had unlimited access to the IRA, the trustee should have the same access. In the instant case, however, the Bankruptcy Court would give the trustee access which is denied the debtor. To give the trustee the right to dispose of the funds held by the Retirement System and not available to the debtor would violate one of the fundamental precepts of bankruptcy law, that the trustee should not have rights to property which the debtor does not have. *South Central Livestock Dealers Incorporated v. Security State Bank of Hedley*, 614 F.2d 1056, 1061 (5th Cir.1980); *Fair Department Stores, Incorporated v. Internal Revenue Service (In re Fair Department Stores, Incorporated)*, 26 B.R. 611 (S.D.Ala.1982); *Georgia Pacific Corporation v. Sigma Service Corporation*, 22 B.R. 984, 985 (M.D.La.1982); *Central Trust Company v. Shepard (In re Shepard)*, 29 B.R. 928 (Bkrtcy.M.D.Fla.1983); *Bernstein v. Sommer (In re Sommer)*, 28 B.R. 95 (Bkrtcy.D.Colo.1983); *Douglas v. United States (Matter of Douglas)*, 10 B.R. 283 (Bkrtcy.D.Neb.1981).

The Bankruptcy Court found that the debtor had a power to withdraw her contributions to the Retirement System as easily as could the holder of an IRA: she could "cease to be a teacher." Order at 6, quoting from S.C.Code Ann. § 9–1–1650 (Law. Co-op.Supp.1982). But the debtor has not ceased to be a teacher, and there is no suggestion that any authority could compel this eventuality. Thus, none of the contingencies under which the debtor could withdraw her retirement funds has occurred, and the debtor has no power to withdraw her contributions. As the authorities above cited indicate, the trustee has no greater power over the contribution than the debtor had. Since the debtor cannot compel turnover, the trustee cannot.

## IV. CONCLUSION

The Bankruptcy Court found that the funds held by the Retirement System were the property of the estate of the debtor. 11 U.S.C. § 541. I feel section 541 is suffi-

ciently expansive to cover the funds held by the Retirement System.

 The Bankruptcy Court ruled that the applicable exemption provision was 11 U.S.C. § 522(b)(1), and that section provided no exemption for funds held by the Retirement System. This Court holds that the applicable exemption provision is 11 U.S.C. § 522(b)(2), and that under that provision, the exemption established by S.C. Code Ann. § 9–1–1680 is valid and exempts funds held by the Retirement System.

The order of the Bankruptcy Court is therefore reversed.

IT IS SO ORDERED.