751 F.2d 714
 22 Ed. Law Rep. 146, Bankr. L. Rep. P 70,214,
5 Employee Benefits Ca 2763
 W. Ryan HOVIS, Trustee, Appellant,
v.
Katherine N. WRIGHT and The South Carolina Retirement
System, Appellees.
In re Richard R. WRIGHT, Jr. and Katherine N. Wright, Debtors.
W. Ryan HOVIS, Trustee, Appellee,
v.
The SOUTH CAROLINA RETIREMENT SYSTEM, Appellant,
and
Katherine N. Wright, Defendant.
In re Richard R. WRIGHT, Jr. and Katherine N. Wright, Debtors.
 Nos. 84-1128(L), 84-1129.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 29, 1984.
Decided Jan. 10, 1985.
 
 David R. Duncan, Rock Hill, S.C. (Hovis & Duncan Law Offices, P.A., Rock Hill, S.C., on brief), for appellant.
 Kenneth P. Woodington, Senior Asst. Atty. Gen., Columbia, S.C. (T. Travis Medlock, Atty. Gen., Columbia, S.C., on brief), for appellees.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 SPROUSE, Circuit Judge:
 
 
 1
 We consider whether a public school teacher's payments into the South Carolina Retirement System are exempt from inclusion in a Chapter 7[1] bankruptcy estate. The plaintiff below was W. Ryan Hovis, trustee in bankruptcy. The defendants below were Katherine N. Wright, the debtor, and the South Carolina Retirement System.
 
 
 2
 The bankruptcy court held that such contributions are nonexempt property of the estate. The district court, 39 B.R. 623 reversed, holding that, while the funds are property of the estate, they are exempt. The Retirement System appeals from the decision of the district court holding that the contributions are property of the estate, and the Trustee appeals from the decision that the contributions nevertheless are exempt. It is not necessary to reach the question of whether the contributions are property of the estate, as defined by Sec. 541(a)(1) of the Bankruptcy Code,[2] in view of our decision that, even if they were, they are exempt from the bankruptcy estate by operation of the South Carolina law exempting certain property from attachment, levy, and sale. We, therefore, affirm the decision of the district court.
 
 
 3
 Katherine N. Wright and her husband Richard R. Wright filed a joint petition for Chapter 7 bankruptcy on September 8, 1982. W. Ryan Hovis was appointed interim trustee for the bankruptcy estate of the Wrights. On Schedule B-2, under the heading "annuities," the Wrights listed "S.C. Teachers Retirement System--no current value." The Trustee filed an adversary pleading objecting to the Wrights' attempt to exempt Mrs. Wright's contribution to the Retirement System and seeking an order under 11 U.S.C. Sec. 542 requiring the Retirement System to turn over Mrs. Wright's contributions and the interest earned thereon.[3] The Trustee does not seek any matching contributions made by the State of South Carolina to the Retirement System or any interest in the Retirement System traceable to matching contributions.
 
 
 4
 Mrs. Wright is employed as a teacher by the South Carolina Department of Education and, as a condition of employment, has made and continues to make contributions to the South Carolina Retirement System. Her contributions are matched by the State of South Carolina. She is required to participate in this program, and the control of retirement system funds is prescribed by statute. There can be no withdrawal of funds except by retirement, termination of employment, or death. She is not now eligible to retire as a teacher so as to receive retirement benefits and, upon termination of employment, she must wait ninety days before becoming eligible for benefits. Were she to die prior to retiring, the accumulated funds due to her would be paid to a named beneficiary or to her estate. The funds cannot be transferred voluntarily by Mrs. Wright or involuntarily by her creditors.
 
 I.
 
 5
 Assuming, but not deciding, that the contributions to the retirement fund satisfy the definition of property under Sec. 541(a)(1) of the Bankruptcy Code,[4] we agree with the district court that the contributions are exempt.
 
 
 6
 Congress designed the exemption system under section 522 of the Bankruptcy Code to allow states to participate in this regulation of debtor/creditor relations. It accomplished this by including specific federal exemptions in the Bankruptcy Code, while at the same time permitting each state to "opt out" of the federal exemption section by requiring its debtors to choose only exemptions designated by state legislation. 11 U.S.C. Sec. 522(b) (1982).[5] If a state does not exercise its power to "opt out" of federal exemptions, the Code permits an individual debtor to choose between federal and state exemption systems. 3 Collier on Bankruptcy p 522.01 at 522-9 (15th ed. 1983); 11 U.S.C. Sec. 522(b). South Carolina, however, has chosen to "opt out" of the federal exemption system and to require its debtors to use the exemptions provided by South Carolina law:
 
 
 7
 No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of Sec. 522 of the Bankruptcy Reform Act (Public Law 95-598) except as may otherwise be expressly permitted by this chapter or by other provisions of law of this state.
 
 
 8
 S.C.CODE ANN. Sec. 15-41-425 (Law.Co-op.Supp.1983).
 
 
 9
 The Trustee argues, however, that the South Carolina bankruptcy law does not exempt a teacher's contributions into the retirement fund. He correctly contends that such contributions are not specifically listed in S.C.CODE ANN. Sec. 15-41-200 (Law.Co-op.Supp.1983), the bankruptcy statute listing general exemptions. This argument, however, overlooks the specific exemption contained in the statute creating the retirement fund, S.C.CODE ANN. Sec. 9-1-1680 (Law.Co-op.1976). By enacting this provision, the South Carolina legislature expressed its intent to protect teacher contributions from execution. The statute provides:
 
 
 10
 The right of a person to an annuity or a retirement allowance or to the return of contributions, an annuity or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this chapter, and the moneys of the System created hereunder, are hereby exempted from any State or municipal tax and exempted from levy and sale, garnishment, attachment or any other process whatsoever and shall be unassignable except as herein specifically otherwise provided.
 
 
 11
 S.C.CODE ANN. Sec. 9-1-1680.
 
 
 12
 The Trustee argues that since this exemption is not contained in section 15-41-200, South Carolina's bankruptcy statute listing general exemptions, it cannot be part of South Carolina's scheme of exempting property from the effect of bankruptcy. There is no merit to that argument. Section 522(b) of the Federal Bankruptcy Code simply states that federal law shall apply unless state law "specifically does not so authorize;" it does not require a state to gather together all of its exemptions into one statutory scheme. There can be no question that South Carolina has the power to enact laws relating to exemptions in any fashion it deems appropriate. By enacting section 15-41-425, South Carolina declared only that state law shall govern the exemption of property in bankruptcy proceedings. It did not limit a debtor's bankruptcy exemptions to those listed in the state bankruptcy statute. The legislative intent expressed in section 9-1-1680 to exempt contributions to the teachers' retirement fund is clear and unambiguous. The fact that it is stated in a statute relating to the property it exempts, rather than in the state bankruptcy statute, does not affect the clarity of this legislative purpose.
 
 
 13
 The decision of the district court exempting from the bankruptcy estate Mrs. Wright's contributions to the South Carolina Retirement System is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 11 U.S.C. Secs. 701-66 (1982)
 
 
 [2]
 11 U.S.C. Sec. 541(a)(1) (1982)
 
 
 [3]
 Section 542(a) provides in pertinent part:
 [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.
 11 U.S.C. Sec. 542(a) (1982).
 
 
 [4]
 Section 541(a)(1) provides in pertinent part:
 (a) The commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located;
 (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
 11 U.S.C. Sec. 541(a)(1) (1982).
 
 
 [5]
 In this respect Sec. 522(b) provides:
 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either--
 (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
 (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.