In re Pamella C. LAWSON (formerly d/b/a Pam's Dress Shop), Debtor.

Douglas J. WOLINSKY, Esquire, Trustee,

v.

Pamella C. LAWSON (formerly d/b/a Pam's Dress Shop).

Bankruptcy No. 84–133.

United States Bankruptcy Court, D. Vermont.

Jan. 11, 1985.

Douglas J. Wolinsky, Burlington, Vt., Trustee, pro se.

Charles S. Martin, Montpelier, Vt., for debtor.

MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

The matter is before the court on the objection of the trustee to the debtor's claim of exempt property with respect to certain real estate owned by the debtor as a tenant by the entirety.

FACTS

On schedule B–4 accompanying the petition for relief, the debtor claims certain personal property as exempt pursuant to Bankruptcy Code (Code) section 522(d).

Additionally, the debtor claims certain real property as exempt pursuant to state law with respect to tennancies by the entirety.

## DISCUSSION

Code section 522(b) authorizes an individual debtor to exempt certain property from the estate. In relevant part this section provides:

[A]n individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section ... or, in the alternative,

(2)(A) any property that is exempt under Federal law other than subsection (d) of this section, or State or local law ... and

(B) ... an interest as a tenant by the entirety ... to the extent that such interest ... is exempt from process under applicable nonbankruptcy law.

The sole issue for determination is whether an individual debtor may simultaneously exempt property under Code subsections 522(b)(1) and 522(b)(2)(B). (There is no dispute that under applicable nonbankruptcy law the debtor's interest as a tenant by the entirety is exempt from process with respect to the debts enumerated in the petition).

It is well settled that an individual debtor may exempt from property of the estate either property that is specified under subsection (d) of Code section 522 (as set forth in Code subsection 522(b)(1)); or, in the alternative, any property that is exempt under state or local law, or under federal law other than Code subsection 522(d) (as set forth in Code section 522(b)(2)(A), and an interest as a tenant by the entirety (as set forth in Code subsection 522(b)(2)(B). *See, e.g., John T. Mather Memorial Hosp. v. Pearl,* 723 F.2d 193 (2d Cir.1983); *In re Wright,* 39 B.R. 623 (D.C.S.C.1983); *In re Kimball,* 1 C.B.C.2d 520 (Bankr.W.D.La. 1980). Simply put, Code sections 522(b)(1) and 522(b)(2) set out mutually exclusive exemption regimens. *See,* House Report No. 595, 95th Cong., 1st Sess. (1977) 360–361, U.S.Code Cong. & Admin.News 1978, 5787. Thus, an individual debtor may exempt property under Code section 522(d) as authorized by Code section 522(b)(1), or, alternatively, may exempt property as authorized under subsections 522(b)(2)(A) and 522(b)(2)(B).

In the instant case, the debtor has sought simultaneously to exempt property as authorized by sections 522(b)(1) and 522(b)(2)(B). As the trustee has correctly pointed out, the Code permits an individual debtor to exempt property under section 522(b)(1) or under section 522(b)(2), but not under both sections simultaneously. The objection of the trustee to the debtor's exemption scheme is therefore well taken. As the Court of Appeals for the Second Circuit has noted, the debtor may exempt his allowable exemption as a tenant by the entirety only if the debtor elects to take the state exemptions. *John T. Mather Memorial Hosp. v. Pearl, supra,* 723 F.2d at 194.

For the reason that the trustee has objected to the real property exemption claimed by the debtor, and for the reason that such exemption may not simultaneously be claimed along with the personal property exemptions claimed by the debtor under Code section 522(d), the objection of the trustee must be sustained. Judgment is entered accordingly.