**In re John Ethelbert WATSON, III, Debtor.**

**Bankruptcy No. 81–32–BK–J–GP.**

United States Bankruptcy Court, M. D. Florida, Jacksonville Division.

Aug. 24, 1981.

Charles W. Grant, Jacksonville, Fla., for trustee.

Daniel D. Akel, Jacksonville, Fla., for debtor.

---

## ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

GEORGE L. PROCTOR, Bankruptcy Judge.

The debtor has claimed as exempt on his Schedule B–4 his interest in the "Guardian Life Cooperative Investment Plan." The Trustee has objected to this exemption on the grounds that its value exceeded the $1,000 personal property exemption accorded to the head of a household and that the property was not otherwise exempt under any applicable statute.

The debtor has apparently conceded that there is no applicable state or federal statute which would permit him to exempt his interest in the investment plan beyond the $1,000 personal property exemption afforded by Article X, Section 4, of the Florida Constitution. From the memorandum of law submitted by the debtor, he instead argues that his interest in the property is insulated from the Trustee by virtue of § 541(c)(2) of the Bankruptcy Code.

The cooperative investment plan is a qualified pension, profit-sharing, or bonus plan as defined by the Internal Revenue Code. In order to comply with the Internal Revenue Code and its regulations, the trust agreement that is the basis of the plan contains a spendthrift provision. Section 541(a) of the Bankruptcy Code is of broad scope, including as property of the estate all property of whatever sort owned by the debtor. An exception is created by § 541(c)(2) which excepts as property of the estate the debtor's interest in a spendthrift trust to the extent that such trust is enforceable under applicable non-bankruptcy law.

The Fifth Circuit recently ruled on this question in In re Witlin (Judson v. Witlin), 640 F.2d 661 (5th Cir. 1981). There, it was held that the debtor's interest in a Keogh plan passed to the bankruptcy trustee. A Keogh plan is a particular type of qualified pension plan which contains a spendthrift provision and is recognized in Florida as a spendthrift trust. The Court held, that under Florida law, a spendthrift clause in a trust created by a settler for his own benefit is void. "There is . . . a strong public policy that will prevent any person from placing his property in what amounts to a revocable trust for his own benefit which would be exempt from the claims of his creditors." Id. at 663.

The cooperative investment plan is very similar to a revocable trust. The debtor's contributions are voluntary, and he may withdraw them at any time. The penalty attached to early withdrawal may make it undesirable to do so, but does not affect the legal right of the debtor to exercise his withdrawal privilege.

The debtor's reliance on In re Turpin (Turpin v. Wente), 644 F.2d 472 (5th Cir. 1981) is misplaced. There, the contributions were made by the employer to a qualified plan on behalf of the debtor and the debtor had no right to early withdrawal. In holding that the debtor's future retirement benefits do not pass to the trustee, the Court stated that "providing the bankrupt with a 'fresh start' means assuring him that assets to which he may become entitled in the future will be acquired free of any pre-bankruptcy obligations." (emphasis in original) Id. at 475. In the instant case, it is clear the debtor has the present right to terminate and get the fund of cash available to him. It is this right which has passed to the Trustee.

The debtor's reliance on the spendthrift requirements of the Internal Revenue Code for qualified plans is similarly misplaced. Those provisions of Title 26, United States Code, govern the taxation of the contributions when deposited and benefits when withdrawn but do not define the extent of the estate.

Wherefore, the Court holds that the debtor's interest in the Guardian Life Cooperative Investment Plan is not exempt, nor is it excepted from the estate under § 541(c)(2).

ORDERED this 24 day of August, 1981, at Jacksonville, Florida.