**In the Matter of Donald F. ROSS, Debtor.**

**In the Matter of Charles B. CONNORS, Debtor.**

**In the Matter of George F. GRANDY, Debtor.**

**Nos. 81–CV–1257 to 81–CV–1259.**

United States District Court, N. D. New York.

Feb. 12, 1982.

Robert Abrams, Atty. Gen., State of N. Y., Albany, N. Y., for N. Y. State Retirement Systems; Lawrence L. Doolittle, Asst. Atty. Gen., Albany, N. Y., of counsel.

Kauffman & LaPoint, Schenectady, N. Y., for debtors Donald F. Ross, Charles B. Connors and George F. Grandy.

Robert E. Littlefield, Jr., Albany, N. Y., Chapter 13 Trustee.

MEMORANDUM–DECISION and ORDER

MINER, District Judge.

I.

In these actions the New York State Employees' Retirement System and the New York State Policemen's and Firemen's Retirement System (hereinafter the "Retirement Systems") appeal the decisions of the United States Bankruptcy Court for the Northern District of New York that the Retirement Systems are subject to income deduction orders in a Chapter 13 proceeding. District Court jurisdiction is pursuant to Rules Bankr.Proc. Rule 801, 11 U.S.C.; Rule 9, Local Bankruptcy Rules N.D.N.Y.

II.

In each of the three cases, voluntary petitions for relief under Chapter 13 of the

Bankruptcy Code[1] were filed by the debtors after October 1, 1979, the effective date of the Bankruptcy Reform Act of 1978.[2] Each of the debtors was entitled to receive retirement benefits from the Retirement Systems and the debtors' plans[3] authorized the Bankruptcy Court to issue income deduction orders to the Retirement Systems requiring the transfer of a portion of the debtors' benefits to the Chapter 13 Trustee.[4] All of the plans were confirmed, and income deduction orders were subsequently issued by the Bankruptcy Court.[5]

The Retirement Systems contend on appeal that the Bankruptcy Court lacks jurisdiction to order the Comptroller of the Systems to honor payment orders directing remittance to the Chapter 13 Trustee of portions of the debtors' monthly retirement benefits committed to the Chapter 13 plans. The Retirement Systems allege that any assignment of pension plan benefits to the trustee by a debtor specifically is prohibited by state law. Accordingly, the Retirement Systems maintain that the order of the Bankruptcy Court should be vacated.

1. 11 U.S.C. § 1301 *et seq.* Here, three distinct cases are presented to this Court for review. However, since the issues and factual circumstances surrounding each case are identical, the Court, for the sake of brevity and convenience, will consider the cases collectively.

2. 11 U.S.C. § 101 *et seq.*

3. 11 U.S.C. §§ 1321, 1322.

4. 11 U.S.C. § 1325(b) provides:
   "After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee."

5. The orders of the United States Bankruptcy Court, Northern District of New York (J. Mahoney), were issued on September 10, 1981 and September 23, 1981.

6. N.Y. Retire. & Soc. Sec. § 110 provides: "The right of a person to a pension . . . shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and [s]hall be unassignable, except as in this article specifically provided."

7. 11 U.S.C. § 541(a) provides:
   The commencement of a case under section 301, 302, or 303 of this title creates an estate.

## III.

The core of the Retirement Systems' contentions is that New York Retirement and Social Security Law § 110[6] restricts the ability of the trustee to reach any portion of the pension benefits. The Retirement Systems assert that, since it is a fundamental principle of bankruptcy law that the property rights forming the estate under 11 U.S.C. § 541 are defined by state law, and since state law here prohibits any assignment of pension benefits, the assignment of pension plan benefits to the trustee is proscribed. The Retirement Systems' position fails to account for the correct definition of property of the estate, the effect of state law on § 541 of the Bankruptcy Code[7] and the dynamics of Chapter 13 of the new Code.

Under § 70(a) of the prior Bankruptcy Act, it was necessary to look to non-bankruptcy law, state or federal, to determine whether a debtor's interest in property became part of the bankruptcy estate.[8] *See, e.g., Segal v. Rochelle,* 382

Such estate is comprised of all the following property, wherever located:
(1) Except as provided in subsection . . . (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

8. Section 70(a) of the Bankruptcy Act, 11 U.S.C. § 110(a), provides in pertinent part that:
   [t]he trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this Act . . .
   Under this section, all property of the bankrupt passed to the trustee by operation of law. Just what constituted property under the Act was a question of state law, *see, e.g., In re Ferwerda,* 424 F.2d 1131 (7th Cir. 1970), and whether that property became property of the estate was a matter of "the bankrupts' ability to make an unencumbered fresh start," *Segal v. Rochelle, supra,* 382 U.S. at 380, 86 S.Ct. at 515. Thus the Retirement Systems' claim that N.Y.Retire. & Soc.Sec. § 110's anti-assignment provision precluded the pension fund proceeds from becoming part of the estate is tenable under § 70(a) of the Act, not simply because the anti-assignment provision prevented the trus-

U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966). Section 541 of the Code virtually eliminates dependency on non-bankruptcy law. "Section 541 reflects a new concept concerning property of the estate under the Code. This new concept is [a] substantial departure ... from the extensive reliance of the Bankruptcy Act on non-bankruptcy law ... to determine what property will come into the estate." 4 *Collier on Bankruptcy* ¶ 541.-02 [1] (15th Ed.). *See* 4 *Collier on Bankruptcy* ¶ 541.09 (15th Ed.) Under § 541 the property of the estate includes *all* interests the debtor may have in property, without regard to whether that interest is transferable, assignable or attachable by creditors. Here, the fact that non-bankruptcy law, § 110 of New York Retirement and Social Security Law, limits the ability of the debtor to assign the proceeds and prevents creditors from reaching the pension proceeds, does not affect whether such benefits are property of the estate in a Chapter 13 proceeding. Although the debtor's interest in property will be initially determined by non-bankruptcy law, the question of what constitutes property within the meaning of § 541 is a federal question, and under § 541 every debtor's interest in property becomes part of the estate.[9] H.R.Rep.No.595, 95th Cong., 1st Sess. 678–8 (1977); S.Rep.No.989, 95th Cong., 2d Sess. 82–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Accordingly, the pension benefits are part of the estate.

■■ Moreover, 11 U.S.C. § 541(c)(1)(A) includes in the estate any interest of the debtor "notwithstanding any provision ... that restricts or conditions transfer of such interest by the debtor ..." Thus, § 541(c)(1)(A) invalidates provisions, such as New York Retirement and Social Security Law § 110, that restrict the transfer of the debtor's interest in property. *See In re Buren*, 6 B.R. 744 (Bkrtcy.M.D.Tenn.1980). Clearly then, pension benefits are properly included in the § 541 estate. Indeed, to adopt the Retirement Systems' position would nullify the uniformity of federal bankruptcy law, since each of the fifty states would be able, by defining what constitutes the estate, to limit or extend each of its citizen's protections under the Code. The power of Congress to establish uniform laws on the subject of bankruptcy is plenary and unrestricted, *International Shoe Co. v. Pinkus*, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929), and the states are prohibited from interfering with the uniform nature of bankruptcy law. *See Moore v. Bay*, 284 U.S. 4 (1931). *See generally* U.S.Const. Art. 1, § 8, cl. 4.

■ In addition, the Retirement Systems argue that § 541(c)(2), a provision which is an exception to the general "all-inclusive" rule of § 541(a), prevents the pension benefits from inuring to the estate.[10] Section 541(c)(2) restricts the transfer of a beneficial interest of a debtor in a trust which is enforceable under applicable state law. Section 541(a)'s basic approach, as stated, is to include as estate property any interest of the debtor. Section 541(c)(2) excludes from estate property any beneficial trust interest of a debtor enforceable under non-bankruptcy state law. Committee reports indicate that this section is meant to apply to, and preserve, the *traditional status* of spendthrift trusts. H.R.Rep.No.595, 95th Cong. 1st Sess. 369 (1977), S.Rep.No.989, 95th Cong., 2d Sess. 83 (1978). The Retirement Systems contend the New York Retirement and Social Security law's anti-assignment provision is the functional equivalent of a spendthrift trust; and that, since New York law thus prohibits and re-

---

tee from assuming the title to the proceeds, but more correctly because these proceeds are needed for a "fresh start." *See Matter of Parker*, 473 F.Supp. 746 (W.D.N.Y.1979). However, here we are dealing with the new Code—not the Act.

**9.** There is no question here that the debtors have a property interest in the pension benefits, an interest recognized in state law.

**10.** 11 U.S.C. § 541(c)(2) provides:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title."

stricts the transfer of a pensioner's beneficial interest, § 541(c)(2)'s exclusion policy is applicable.

▮▮▮▮ In support of its contention, the Retirement Systems cite various cases. However, the cited authorities are inapposite. Either the cases deal with a debtor's interest in ERISA or Keogh plans, *In re Turpin*, 644 F.2d 472 (5th Cir. 1981); *In re Watson*, 13 B.R. 391 (Bkrtcy.M.D.Fla.1981); *Matter of Baviello*, 12 B.R. 412 (Bkrtcy.E.D.N.Y.1981),[11] and thus "statutory trusts", or the cases concern debtors themselves claiming "exemptions" under the Code or the prior Act, *see In re Witlin*, 640 F.2d 661 (5th Cir. 1981), *Matter of Baviello, supra*.[12] Moreover, it is doubtful whether Congress ever intended the § 541(c)(2) exclusion to apply to state pension plans, since the proceeds of such plans are specifically included in the Chapter 13 format.

▮▮▮▮ Section 1322 of Title 11, United States Code, directs that a debtor's plan shall provide for the submission of all or such portion of future earnings or other *future income of the debtor* to the supervision and control of the trustee as is necessary for the execution of the plan. Indeed, individuals "with regular income" are eligible for relief under Chapter 13.[13] The legislative history of the Code clearly indicates that Chapter 13 benefits would be available to persons who receive Government provided pensions. "Thus, individuals on welfare, social security, fixed pension incomes, will be able to work out repayment plans with their creditors rather than being forced into straight bankruptcy." H.R.Rep.No.95–595, 95th Cong., 1st Sess. at 312 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. at 24, U.S. Code Cong. & Admin.News 1978, p. 6269. Congress here clearly manifested an intent to make Chapter 13 relief available to debtors dependent on government pension plans. Thus, since these benefits are income entitling an individual to file under Chapter 13, the benefits are necessarily property of the estate under § 541(a) and are income with which the debtor may fund his plan.[14] Indeed, to embrace the Retirement Systems' position would effectively deny these debtors Chapter 13 relief—a result that is untenable in light of the constitutionally granted congressional power to enact bankruptcy laws.

11. Keogh plans and "qualifying plans" pursuant to ERISA are specifically "statutory" trusts and must contain anti-alienation clauses in order to enjoy tax advantages provided by the Internal Revenue Code. *See* I.R.C. § 401(a)(13); 29 U.S.C. § 1056(d)(1). *See also* 26 C.F.R. § 1.401(a)–13. In certain circumstances proceeds from these plans are "exempt" from inclusion in the estate. *See In re Witlin, supra*, 640 F.2d at 663. Indeed, the Court in *Matter of Baviello, supra*, 12 B.R. at 417 N.6 doubted whether § 541(c)(2) would "be applicable to a plan such as this bankrupt's under New York law . . . ."

12. A debtor may "exempt" items necessary for a fresh start. 11 U.S.C. § 522 (11 U.S.C. § 24 old Act). § 522(a)(10)(E) provides an exemption for plans which are "qualified plans" under the Internal Revenue Code. In each of the cited cases the debtors are asserting that the proceeds from the plan are exempt. An exemption is personal in nature and may not be asserted by any other except the debtor. Therefore, the Retirement Systems may not ever "claim" an exemption. Thus, the above cited cases are inapposite.

13. An "individual with regular income" is defined in 11 U.S.C. § 101(24) as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title . . . ."

14. Moreover, the chapter 13 framework itself demonstrates a congressional intent to include pension funds as property of the estate to enable a debtor to fund his plan. 11 U.S.C. § 1325(b) empowers bankruptcy courts to issue orders, such as the orders issued to the Retirement Systems. § 1325 states: "After confirmation of a plan, the court may order any *entity* from whom the debtor receives income to pay all or any part of such income to the trustee." § 101(14) defines entity to include, "estate, trust, governmental unit . . ." § 101(2) defines governmental unit to include a state. Thus, a trustee may order the pension systems, state agencies, to pay the pension benefits (income of the § 541 estate *see* 11 U.S.C. § 1306) to the trustee to administer the debtor's plans. The trustee, as stated, *see* F.N. 8 and accompanying text *supra*, does not possess legal title to the benefits but merely administers the plan. *Cf. In re Buren*, 6 B.R. 744, (Bkrtcy.M.D.Tenn. 1980) (where the Court held that the Social Security Administration must pay benefits to a chapter 13 trustee). *See In re Dawson*, 13 B.R. 107, 3 CCH 68,265 (Bkrtcy.M.D.Ala.1981).

Finally, the Retirement Systems argue that the pension benefits are exempt under 11 U.S.C. § 522.[15]  The Retirement Systems may not exercise an exemption on behalf of a debtor, since such an exemption is personal to the debtor.  This contention by the Systems therefore is wholly without merit.

Accordingly, the decisions and orders of the Bankruptcy Court dated September 10, 1981 and September 23, 1981 are hereby affirmed.

It is so Ordered.

15.  § 522 provides a list of property exempt from § 541 inclusion.  *See* F.N. 12 *supra*.