In re Robin Dewayne
**RICHARDS, Debtor.**

**Mark A. WARSCO, Trustee Plaintiff,**

v.

**Angela RYAN, Franklin
Richards, Defendants.**

Bankruptcy No. 87–10024.
Adv. No. 87–1029.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Oct. 14, 1988.

Mark A. Warsco, Fort Wayne, Ind., pro se.

John C. Koryl, Fort Wayne, Ind., for Franklin Richards.

Ward W. Miller, Fort Wayne, Ind., for Angela Ryan.

## MEMORANDUM OF DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court following the trial of the issues raised by the Trust-

ee's complaint, filed pursuant to 11 U.S.C. § 547, to avoid allegedly preferential transfers made by the debtor to the Defendants. Following the submission of the evidence and the arguments of counsel, the matter was taken under advisement.

## FACTS AND ISSUES

The facts surrounding the circumstances out of which the Trustee's complaint arises are not subject to any meaningful dispute. Instead, the controversy focuses on legal questions concerning the exempt character of the property transferred and, if exempt, whether this constitutes a valid defense to the action.

On December 17, 1986, the debtor received $5,764.17 on account of a workman's compensation claim. On the same day, the debtor paid the sum of $3,000.00 to his grandmother, defendant Angela Ryan, on account of an antecedent debt. He also paid his parents, Rosemarie Richards and the defendant Franklin Richards, the sum of $2,730.30 on account of another antecedent debt. Both payments were made, while debtor was insolvent, within 90 days of his voluntary petition for relief under Chapter 7. Debtor has not claimed the money received from the workman's compensation settlement as exempt property.

The payment the debtor made to his parents was deposited in the bank account of his mother, Rosemarie Richards. Between the date of the transfer and the petition, withdrawals, totaling $850.00, were made from this account and advanced to the debtor. Mrs. Ryan also made additional advances to her grandson after the transfer, but there is no evidence indicating that any of these funds were advanced prior to the date of the petition.

The Trustee claims that all of the elements of a preferential transfer exist. He, therefore, seeks to avoid the transfers, pursuant to § 547, and recover them for the benefit of the bankruptcy estate.

Defendants do not dispute the fact that most of the requisite elements of a prefer-

ential transfer are present. Instead, they argue the payments they received were made from identifiable cash proceeds of the debtor's workman's compensation settlement. They then contend the debtor could have claimed these proceeds as exempt property, under Indiana law. Working from this proposition, Defendants' ultimate position is that the exemptible nature of the property transferred precludes the Trustee's recovery. We must, thus, confront the issue of whether an otherwise preferential transfer loses its preferential character because it involved exempt or exemptible property.

As an additional defense to the action, both Defendants rely upon the preference exception found at 11 U.S.C. § 547(c)(4). Each claims to have extended new value to the debtor after the date of the transfer, which would minimize or eliminate any recovery.

## DISCUSSION

The primary opposition to the Trustee's complaint is the allegedly exempt nature of the property debtor transferred to the Defendants. While the accuracy of this characterization would seem to be open to question,[1] for the purposes of this decision, the court assumes that identifiable cash proceeds of a workman's compensation award are exempt or exemptible property under Indiana law. Cast in this fashion, the defense challenges the Trustee's proof on the fifth and final element of a preferential transfer, 11 U.S.C. § 547(b)(5), which requires that the transfer enable Defendants to receive more than they otherwise would upon liquidation, based upon the theory that avoidance will not increase the distributable bankruptcy estate.

■ It must be acknowledged that the position Defendants have taken, that transfers of exempt property are not preferential, had substantial support under the old Bankruptcy Act, under certain circumstances. *See* 4 Remington on Bankruptcy

---

**1.** *See Matter of Weaver*, 93 B.R. 172, 174–75 (D.N.D.Ind.1988).

§ 1678, at p. 261 (1957). To the extent this principle was correctly decided, we do not believe it has survived the enactment of the current Bankruptcy Code. The statutory definition of a preferential transfer, the overall structure of the Bankruptcy Code, and the nature of exemptions can no longer support such a position.

The first element of a preference is "any transfer of an interest of the debtor in property." 11 U.S.C. § 547(b). This definition is all encompassing. The only limitation upon the property transferred is that it must involve the debtor's interest. The section does not read an interest of the debtor in non-exempt property. Because of this, transfers of exemptible property would, at least initially, seem be within the ambit of § 547.

The final requirement for a preference, 11 U.S.C. 547(b)(5), considers the results of the transfer. Because of it, the preferred creditor must receive more favorable treatment than other creditors of the same class. In general terms, unless the assets of the bankruptcy estate are sufficient to fully pay all creditors upon liquidation, any "creditor holding an unsecured claim who receives a payment during the preference period is in a position to receive more than the creditor would have in a Chapter 7 liquidation." *Matter of Lawrence,* 82 B.R. 157, 160 (Bankr.M.D.Ga.1988); *Matter of Sweetapple Plastics, Inc.,* 77 B.R. 304, 311 (Bankr.M.D.Ga.1987); *In re Utility Stationary Stores, Inc.,* 12 B.R. 170, 179 (Bankr.N.D.Ill.1981). This rule is not changed because the transfer happens to have involved exemptible property.

The standard under § 547(b)(5) is one of relative distribution. What must be compared is the total distribution the preferred creditor receives, on account of its claim, with the distribution which will be made to other creditors of the same priority. *See Palmer Clay Products Co. v. Brown,* 297 U.S. 227, 56 S.Ct. 450, 80 L.Ed. 655 (1936); *In re Zachman Homes, Inc.,* 40 B.R. 171 (Bankr.D.Minn.1984). If the transfer results in disparate treatment for creditors of the same class and the preferred creditor will be more favorably situated because of

it, the test has been satisfied. Consequently, this portion of section 547 requires the court to focus upon the consequences to the preferred creditor of the transfer, not the transfer's impact on the distributable bankruptcy estate.

Viewed in this manner, it makes no difference whether the property involved is exempt or not. The operative effect of the transfer continues to be the same. Even though a transfer of exemptible property may have no impact on the size of the bankruptcy estate available for distribution on account of creditors' claims, such a transfer has a dramatic impact on the *total* distribution the preferred creditor will receive on account of its claim. A creditor who preferentially receives full payment of its claim out of exempt or exemptible property has still received payment in full. Had the transfer not been made, one of two results would have followed. First, the property involved might have been exempted by the debtor and all creditors would have had to share the remaining assets of the bankruptcy estate. In this event, the preferred creditor would not have received any part of exempt property. The second potential result would involve the debtor making no claim to the exemption. The property involved would then have been available for the satisfaction of all claims against the debtor, not just that of the preferred creditor. Under either scenario, a creditor who receives a preferential transfer of exemptible property still receives more than it otherwise would, had the transfer not been made, than if payment was made in accordance with the provisions of title 11. Because of the transfer, it is allowed to fare better than the other members of the same class, who must be satisfied with something less than payment in full.

The evidence presented at trial clearly indicates that the assets of the bankruptcy estate will not be sufficient to fully pay all claims against it. Therefore, the test of § 547(b)(5) has been met.

More significant than the technical interpretation of § 547 is the impact of § 522. Defendants' contentions would vitiate

many of the rights given to a debtor under the latter portions of that section. *See* 11 U.S.C. § 522(h, i). Under appropriate circumstances, a debtor may claim exemptions out of transfers, including preferences, which have been avoided by the trustee or avoid such transfers on his own behalf, if the trustee fails to do so, in order to recover exemptible property. To adopt Defendants' position would make these rights meaningless. If transfers of exemptible property cannot be preferential, a debtor would never have the opportunity to claim exemptions out of them or to avoid them for his own benefit. Consequently, the Bankruptcy Code specifically contemplates the avoidance of preferential transfers of exempt or exemptible property.

■ More critical still is the character and nature of exemptions under Indiana law. The right and the opportunity to claim property as exempt is personal to the debtor. *Tomlinson v. Miller*, 115 Ind.App. 469, 58 N.E.2d 358 (1944). It is a right which exists only for the benefit of the debtor and his dependents and it may not be asserted by others, on behalf of the debtor. *In re Cates*, 73 B.R. 874, 877 (Bankr.D.Or.1987); *Matter of Osburn*, 56 B.R. 867, 874 (Bankr.S.D.Ohio 1986); *In re Ross*, 18 B.R. 364, 369 (D.N.D.N.Y.1982).

To permit a creditor to raise the issue of exemptability, as a defense to a preference, would violate both the nature and theory of exemptions. The opportunity to claim an exemption would no longer be personal to the debtor, neither would it exist only for his benefit. Instead, the right would be shared by the debtor with certain creditors and would exist for the benefit of the debtor and certain preferred creditors. Furthermore, the purpose of an exemption is to keep property out of the hands of a creditor. Where a debtor makes a conscious choice to voluntarily transfer exemptible property to a creditor, the debtor has, at least impliedly, also made the choice not to claim that property as exempt. The exemption is thus waived. *See Matter of Kewin*, 24 B.R. 158, 161 (Bankr.E.D.Mich. 1982).

■ Both Defendants assert the exception of 11 U.S.C. § 547(c)(4) as a defense to the Trustee's claim. Section 547(c)(4) provides:

The trustee may not avoid under this section a transfer—

(4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor—

(A) not secured by an otherwise unavoidable security interest; and

(B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

As to the Defendant, Angela Ryan, this defense is unsubstantiated. No evidence was presented to show that she gave new value to or for the benefit of the debtor between the date of the transfer, December 17, 1986, and the date of the petition. While she may have extended new credit to the debtor after the date of the petition, § 547(c)(4) does not encompass such post petition advances. The evidence does show, however, that, after the transfer and before the petition was filed, the debtor's parents extended new value to or for the benefit of the debtor in the amount of $850.00. To this extent, the Trustee may not avoid the transfer. Therefore, defendant, Franklin Richards, is entitled to a credit of $850.00 against the amount the Trustee can otherwise recover as a preferential transfer.

At the conclusion of trial, the Plaintiff/Trustee made an oral motion, pursuant to Bankruptcy Rule 7021, to join Rosemarie Richards as a party defendant and to recover judgment against her as well. Such a motion is committed to the discretion of the court. In view of the obvious prejudice to Rosemarie Richards, by simultaneously adding her as a party defendant and entering judgment against her, we feel that such action would be inappropriate. The motion is denied.

The Plaintiff/Trustee is entitled to recover the sum of $3000.00 from Defendant, Angela Ryan. Further, the Plaintiff/Trustee is also entitled to recover the

sum of $1,880.30 from Defendant, Franklin Richards. Judgment will be entered accordingly.