Opinion by Judge NORRIS.
 

 WILLIAM A. NORRIS, Circuit Judge:
 

 This appeal presents the threshold question whether a creditor has standing to assert the exempt status of a preferentially transferred property as a defense against avoidance. This is a question of law we review
 
 de novo. Kupetz v. United States (In re California Trade Technical Sch., Inc.),
 
 923 F.2d 641, 645 (9th Cir.1991).
 

 
 *758
 
 I
 

 On May 16, 1990, debtor Audrey Noblit filed a homestead exemption for her residence pursuant to Arizona law, and recorded the exemption with the Maricopa County Recorder’s Office. Sometime after May 16, 1990, Noblit sold her residence and deposited the proceeds ($17,858.41) into a bank account. On June 25, 1990, Noblit paid appellants Arlan and Donna Smoker $11,500 of the proceeds to satisfy a debt she owed them. On July 31, 1990, Noblit filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. She claimed the remaining balance in the bank account ($800) as exempt property. The Chapter 7 trustee did not file any objection to Noblit’s claim of exemption.
 

 On March 4, 1992, the trustee filed a complaint to avoid Noblit’s preferential transfer to the Smokers. The bankruptcy court granted summary judgment for the trustee. The district court affirmed the judgment of the bankruptcy court on the ground that the Smokers do not have standing to raise the issue of the exemption. We affirm.
 

 II
 

 Under 11 U.S.C. § 547(b)(4)(A), a trustee may avoid a preferential transfer that is made “on or within 90 days before the date of the filing of the petition.” Noblit’s transfer to the Smokers was made 35 days before the bankruptcy petition was filed, but the Smokers argue that § 547(b) should not apply because of the homestead exemption on the transferred property. The Smokers argue that if Noblit had kept the property for herself, it would not have become part of the bankruptcy estate. The Smokers point out that the end result for the other creditors was the same, whether or not Noblit transferred the property to them. In other words, they argue, “no harm, no foul.”
 

 The question is whether the Smokers have standing to raise the exemption. Although the Smokers’ theory — known
 
 in
 
 the caselaw as the “diminution of the estate” doctrine — has been adopted in the past, the majority of recent eases has rejected it in favor of the principle that an exemption “is personal to the debtor.”
 
 See, e.g., In re Richards,
 
 92 B.R. 369, 372 (Bankr.N.D.Ind.1988).
 
 [1]
 
 That is to say, an exemption is provided only for the benefit of the debtor.
 
 Id.
 
 If the exempt property is transferred, the debtor has in essence waived the exemption, and the transferee cannot avail herself of the exemption in a subsequent avoidance action.
 
 Id.
 

 In
 
 Richards,
 
 for example, the debtor repaid an antecedent debt with exempt property. The bankruptcy court rejected the creditors’ argument that the exemptibility of the property precluded avoidance.
 

 To permit a creditor to raise the issue of exemptability [sic], as a defense to a preference, would violate both the nature and theory of exemptions. The opportunity to claim an exemption would no longer be personal to the debtor, neither would it exist only for his benefit. Instead, the right would be shared by the debtor with certain creditors and would exist for the benefit of the debtor and certain preferred creditors. Furthermore, the purpose of an exemption is to keep property out of the hands of a creditor.
 

 Id.
 
 at 372. Contrary to the Smokers’ argument, this analysis applies equally to exempt property and to property that can be — but has not been — claimed as exempt.
 
 Id.
 
 at 371 (“[I]t makes no difference whether the property involved is exempt or not.”).
 

 Older cases have held to the contrary, but in recent years courts have rejected the older analysis. In 1959, the Tenth Circuit held that a debtor had “the right to transfer his exempt property prior to bankruptcy without committing a voidable preference.”
 
 Rutledge v. Johansen,
 
 270 F.2d 881, 882 (10th Cir.1959). By 1981, the law had changed. “With the commencement of the Bankruptcy Code, the Act cases [like
 
 Rutledge
 
 ] dealing with exempt property outside of the estate ceased
 
 *759
 
 to be relevant in that unlike the Act, the Code has not excluded exempt property from the estate.”
 
 In re Everhart,
 
 11 B.R. 770, 774 (Bankr.N.D.Ohio 1981).
 
 [2]
 

 Following recent easelaw, we hold that the Smokers do not have standing to raise Nob-lit’s homestead exemption as a defense against the trustee’s avoidance action. Because we decide this case on the standing ground, we need not reach the merits.
 

 The judgment of the district court is AFFIRMED. 166 BR 906.
 

 [1]
 

 .
 
 See also In re Rundlett,
 
 149 B.R. 353, 358 (Bankr.S.D.N.Y.1993);
 
 Matter of Wickstrom,
 
 113 B.R. 339, 351 (Bankr.W.D.Mich.1990);
 
 In re Cates,
 
 73 B.R. 874, 877 (Bankr.D.Or.1987);
 
 Matter of Osbum,
 
 56 B.R. 867, 874 (Bankr.S.D.Ohio 1986);
 
 Matter of Ross,
 
 18 B.R. 364, 369 (Bankr.N.D.N.Y.), aff
 
 'd sub nom. Regan v. Ross,
 
 691 F.2d 81 (2d Cir.1982).
 

 [2]
 

 . One bankruptcy court recently followed
 
 Rutledge,
 
 but was reversed on appeal by the district court.
 
 In re Owen,
 
 96 B.R. 168, 174 (Bankr.C.D.Ill.) (rejecting
 
 Richards
 
 and holding that
 
 Rutledge
 
 was still good law),
 
 rev’d,
 
 104 B.R. 929 (C.D.Ill.1989).