RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0137P (6th Cir.)
File Name: 02a0137p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: RAYMOND B. YATES,
                  *Debtor.*

_____

WILLIAM T. HENDON,
Trustee,
         *Plaintiff-Appellee,*

      *v.*

RAYMOND B. YATES, M.D.,
P.C. Profit Sharing Plan;
RAYMOND B. YATES,
Trustee,
      *Defendants-Appellants.*

No. 00-6023

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 99-00600—Curtis L. Collier, District Judge.

Argued: October 23, 2001

Decided and Filed: April 19, 2002

Before:  NELSON, CLAY, and GARWOOD, Circuit
Judges.[*]

_____

**COUNSEL**

**ARGUED:**    William  S.  Lockett,  Jr.,  KENNERLY,
MONTGOMERY  &  FINLEY,  Knoxville,  Tennessee,  for
Appellants.    Conrad  M.  Troutman,  TROUTMAN  &
TROUTMAN,  LaFollette,  Tennessee,  for  Appellee.
**ON  BRIEF:**    James  A.  Holifield,  Jr.,  KENNERLY,
MONTGOMERY  &  FINLEY,  Knoxville,  Tennessee,  for
Appellants.    Conrad  M.  Troutman,  TROUTMAN  &
TROUTMAN, LaFollette, Tennessee, for Appellee.

_____

**OPINION**

_____

DAVID A. NELSON, Circuit Judge.  The question here is
whether a Chapter 7 bankruptcy trustee was entitled to a court
order setting aside as a voidable preference a loan repayment
made  by  an  insolvent  debtor  to  his  wholly-owned
corporation's profit sharing/pension plan only three weeks
before an involuntary bankruptcy petition was filed against
the debtor.  Both the bankruptcy court and the district court
determined that the trustee in bankruptcy was entitled to have
the repayment set aside, thereby increasing the amount of
money available for creditors.

Pursuant to the Employee Retirement Income Security Act
(ERISA),  the  profit  sharing/pension  plan  contained  a
spendthrift  clause  providing  that  except  for  loans  to
participants, no interest available under the plan would be
subject to voluntary or involuntary alienation or assignment.

_____

[*] The Honorable Will L. Garwood, United States Circuit Judge for the
Fifth Circuit, sitting by designation.

The plan and its trustee (the debtor wearing a fiduciary hat) contend that this restraint on alienation was enforceable under both ERISA (see 29 U.S.C. §§ 1132(a)(3) and (5)) and a Tennessee statute, Tenn. Code Ann. § 26-2-105(b). Therefore, argue the appellants, the money in question was not subject to recapture by the trustee in bankruptcy, given the Bankruptcy Code provision (11 U.S.C. § 541(c)(2)) that says a restraint on alienation of a debtor's beneficial interest in a trust is enforceable in a bankruptcy case if enforceable under applicable nonbankruptcy law.

We conclude that neither ERISA nor the Tennessee statute was applicable on the facts presented. Accordingly, we shall affirm the decision entered in favor of the trustee in bankruptcy.

I

The debtor, Dr. Raymond B. Yates, was the sole owner of a corporation known as Raymond B. Yates, M.D., P.C. The corporation maintained a profit sharing/pension plan that was tax-qualified under § 401 of the Internal Revenue Code. Dr. Yates was the plan's administrator and trustee. As of June 30, 1996, four people had been designated as participants in the plan. Dr. Yates was one of the four.

In December of 1989 Dr. Yates borrowed $20,000 from the plan at 11 percent interest. The loan was supposed to be repaid in monthly installments over a five year period, but Dr. Yates failed to make the monthly payments.

In June of 1992 the term of the loan was extended for five years. Still no monthly installments were paid. In mid-November of 1996, however, at a time when he must be presumed to have been insolvent (see 11 U.S.C. § 547(f)), Dr. Yates used proceeds of a house sale to make payments to the plan in amounts totaling $50,467.46. This figure represented repayment of the loan in full, with accrued interest.

On December 2, 1996 – three weeks after the repayment – an involuntary bankruptcy petition was filed against Dr. Yates under Chapter 7, Title 11, of the United States Code. Eight months later the trustee in bankruptcy commenced an adversary proceeding against the plan and its trustee under 11 U.S.C. §§ 547(b) and 550. The complaint asked the court to (a) set the repayment aside as a preferential transfer and (b) order that the money be paid over to the bankruptcy trustee. It is undisputed that the $50,467.46 transfer made to the plan in November, 1996, qualified as a preference under 11 U.S.C. § 547.

On cross-motions for summary judgment the bankruptcy court entered a judgment granting the relief sought in the bankruptcy trustee's complaint. The district court affirmed, and this appeal followed.

II

The Bankruptcy Code provides that, as a general rule, all property interests of a bankrupt debtor must be turned over to the trustee in bankruptcy for the benefit of creditors. 11 U.S.C. § 541(a)(1). *Cf. In re Wilcox*, 233 F.3d 899, 901 (6th Cir. 2000).

As we have seen, 11 U.S.C. § 541(c)(2) carves out an exception to the general rule. Section 541(c)(2) reads as follows:

"A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

The Yates profit sharing/pension plan is a trust that contains a restriction on the transfer of participants' beneficial interests. The restriction, captioned "Spendthrift Clause," is couched in the following terms:

"Except for Plan loans to Participants as permitted by ARTICLE 12 and the assignments provided therefor, *no*

---

and *In re Sanders*, 213 B.R. 324, 329 (M.D. Tenn. 1997). As debtor, Dr. Yates has not claimed the exemption. Dr. Yates as trustee of the plan would like to claim an exemption on behalf of Dr. Yates as beneficiary/debtor, but he is not entitled to do so. See *In re Ross*, 18 B.R. 364 (N.D. N.Y. 1982).

The appellants have not argued that the spendthrift clause in the Yates plan is enforceable at common law or in equity, under Tennessee jurisprudence, so it is not incumbent on us to opine on that question.

**AFFIRMED**.

beneficiary, except the state of Tennessee. All records of the debtor concerning such plan and of the plan concerning the debtor's participation in the plan, or interest in the plan, are exempt from the subpoena process." Tenn. Code Ann. § 26-2-105(b). (Prior to 2000, this section was codified at Tenn. Code Ann. § 26-2-104(b).)

By its terms, this is an exemption statute; that is, it purports to make property exempt from the claims of creditors. The statute contains no direct reference to any retirement plan language imposing a restriction on the transfer of a beneficial interest in the plan, and it does not purport to make any provision of the plan enforceable as such. Like the Pennsylvania exemption statute considered by the court in *In re Lowenschuss*, 171 F.3d 673 (9th Cir. 1999), the Tennessee exemption statute "operates without regard to a transfer restriction that may be contained in the trust instrument." *Id*. at 682.

Nonbankruptcy law that does not purport to provide for the enforcement of a restriction contained in the trust instrument is not the sort of nonbankruptcy law of which the Bankruptcy Code speaks in 11 U.S.C. § 541(c)(2). The text of § 541(c)(2) is notable for its "clarity," see *Patterson v. Shumate*, 504 U.S. at 760, and "[w]e must enforce the statute according to its terms." *Id*. at 759. The appellants would have us go well beyond the literal terms of § 541(c)(2); this we decline to do.

We readily acknowledge that caselaw from two of our sister circuits, the Third and the Eleventh, suggests that those circuits would make the opposite call here. See *In re Yuhas*, 104 F.3d 612, 614 (3d Cir. 1997), and *In re Meehan*, 102 F.3d 1209, 1211-12 (11th Cir. 1997). With respect, however, it seems to us, for reasons already suggested, that we would be usurping a legislative role were we to read § 541(c)(2) as meaning anything other than what it plainly says.

The power to claim an exemption, after all, is personal to the debtor. See *In re Noblit*, 72 F.3d 757, 758 (9th Cir. 1995), *In re Everhart*, 11 B.R. 770, 772 (N.D. Ohio 1981),

*benefit or interest available hereunder will be subject to assignment or alienation, either voluntarily or involuntarily*. The preceding sentence shall also apply to the creation, assignment, or recognition of a right to any benefit payable with respect to a Participant pursuant to a domestic relations order, unless such order is determined to be a qualified domestic relations order, as defined in Section 414(p) of the Code, or any domestic relations order entered before January 1, 1985." (Emphasis supplied.)

Is this spendthrift clause "enforceable under applicable nonbankruptcy law" within the meaning of that phrase as used in 11 U.S.C. § 541(c)(2)? If it is, the courts below erred in requiring that the money Dr. Yates put into the plan on the eve of his bankruptcy be assigned to the bankruptcy trustee for the benefit of Dr. Yates' creditors. If the clause is not enforceable under applicable nonbankruptcy law, however, the courts below did not err in holding that the trustee in bankruptcy was entitled to the money.

Dr. Yates cites two separate bodies of nonbankrtupcy law that are, in his submission, applicable: ERISA and the Tennessee Code. We consider each in turn.

### A

ERISA contains a provision stating that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). This provision "clearly imposes a 'restriction on the transfer' of a debtor's 'beneficial interest' in the trust." *Patterson v. Shumate*, 504 U.S. 753, 759 (1992). The Yates plan contained a restriction of the sort prescribed, and one might suppose that Dr. Yates would be entitled to bring a civil action under ERISA to enforce its terms. See 29 U.S.C. § 1132(a)(3)(B)(ii), which provides that "[a] civil action may be brought . . . by a participant, beneficiary, or fiduciary . . . to obtain . . . appropriate equitable relief . . . to enforce . . . the terms of the plan."

If one supposed that Dr. Yates could obtain judicial enforcement of the terms of the plan under ERISA in the Sixth Circuit, however, one would be wrong. Our published caselaw teaches that "a sole proprietor or sole shareholder of a business must be considered an employer and not an employee of the business for purposes of ERISA." *Fugarino v. Hartford Life & Accident Ins. Co.*, 969 F.2d 178, 186 (6th Cir. 1992). As an "employer," a sole shareholder cannot qualify as a "participant or beneficiary" in an ERISA pension plan. *Id.*; *Agrawal v. Paul Revere Life Ins. Co.*, 205 F.3d 297 (6th Cir. 2000). The sole shareholder "is not an ERISA entity," in other words, and "does not have standing under the ERISA enforcement mechanisms." *Agrawal*, 205 F.3d at 302.

In their opening brief on appeal, the appellants argue that the *Fugarino* decision departs from a plain reading of ERISA, conflicts with advisory opinions of the Department of Labor, and is contradicted by the caselaw of eight other circuits. But these arguments belong in a petition for rehearing en banc; the three judge panel before which this appeal is currently pending has no authority to overrule *Fugarino*. See 6th Cir. R. 206(c), which reads as follows:

"Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court."

To the same effect see *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001); *United States v. Dunlap*, 209 F.3d 472, 481 (6th Cir. 2000); *United States v. Washington*, 127 F.3d 510, 516-17 (6th Cir. 1997); and *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996).

Finally, the appellants argue that *Fugarino* was overruled by the Health Insurance Portability and Accounting Act of 1996, which enacted 29 U.S.C. § 1191a. That section, captioned "Special rules relating to group health plans," provides among other things that "[i]n the case of a group

health plan, the term 'participant' also includes . . . [a] self employed individual, if such individual is, or may become, eligible to receive a benefit under the plan . . . ." 29 U.S.C. § 1191a(d)(3).

The appellants' § 1191a(d)(3) argument has at least two obvious flaws:

(1) The Yates profit sharing plan is not a group health plan, and

(2) the published decision in *Agrawal* – which is no less binding on this panel than the published opinion in *Fugarino* – was issued some three and a half years after the enactment of § 1191a(d)(3). And see *Securities and Exchange Commission v. Johnston*, 143 F.3d 260, 262 (6th Cir. 1998), a post-1996 decision accepting the argument that "ERISA does not apply to any [profit sharing/pension] plan to the extent it benefits the sole owner of a business and his or her spouse."

Under circuit precedent by which this panel is bound, in short, it is clear that the spendthrift clause in the Yates profit sharing/pension plan is not enforceable by Dr. Yates under ERISA.

B

Neither is the spendthrift clause enforceable under Tennessee statutory law. The Tennessee Personal Property Owner's Rights and Garnishment Act of 1978, on which the appellants rely, contains a section providing (subject to an exception not relevant here) as follows:

"any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), 408 and 408A of the Internal Revenue Code of 1986, as amended, are exempt from any and all claims of creditors of the participant or