**In the Matter of: Milivoj MARINKOVIC, Debtor.**

**Mel M. Marin, Appellant,**

v.

**Randall P. Sanders, Chapter 11 Trustee, Appellee.**

Nos. 08–17273, 08–17275.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 29, 2009.

Mel M. Marin, San Diego, CA, for Appellant.

Michael William McGrath, Esquire, Scott H. Gan, Mesch, Clark, & Rothschild, P.C., Tucson, AZ, Milivoj Marinkovic, Utica, NY, for Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Mel M. Marin appeals pro se from the district court's judgment affirming the bankruptcy court's judgment in an adversary proceeding concerning the disposition of money from the sale of Chapter 11 debtor Milivoj Marinkovic's home, and from the bankruptcy court's order denying his motion for leave to sue the bankruptcy trustee. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the district court's decision, *Cunning v. Rucker (In re Rucker)*, 570 F.3d 1155, 1159 (9th Cir.2009), and we affirm.

The bankruptcy court properly concluded that the adversary proceeding was a core proceeding because it concerned whether the estate included money from the sale and whether Marin had a valid lien. *See Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 617 (9th Cir.1993) (explaining that determinations about the nature and extent of the bankruptcy estate constitute core proceedings, and that "[a] proceeding is not removed from the jurisdiction of the bankruptcy court solely because the resolution may be affected by state law"); *see also* 28 U.S.C. § 157(b)(2) (listing examples of core proceedings).

The bankruptcy court properly concluded that, regardless of whether the home was held in trusts, the trusts were revocable, and the money held by the bankruptcy trustee from the sale of the home was property of the bankruptcy estate. *See Abele v. Phoenix Suns Ltd. P'ship (In re*

** This disposition is not appropriate for publication and is not precedent except as provid-

*Harrell)*, 73 F.3d 218, 219 (9th Cir.1996) (per curiam) (stating that the bankruptcy estate "includes 'all legal or equitable interests of the debtor in property as of the commencement of the case,'") and that courts look to state law to determine the existence and scope of a debtor's interest in property (quoting 11 U.S.C. § 541(a)(1)); *Zanelli v. McGrath*, 166 Cal. App.4th 615, 82 Cal.Rptr.3d 835, 850 (2008) (explaining that, under California law, property in a revocable trust is deemed property of the settlor).

The bankruptcy court properly concluded that Marin did not have a secured interest in the sale proceeds. Assuming Marin had an equitable mortgage on the property, he did not present evidence at trial that his interest was recorded, and thus the bankruptcy trustee's interest had priority over his interest. *See Robertson v. Peters (In re Weisman)*, 5 F.3d 417, 419–20 (9th Cir.1993) (explaining that the Bankruptcy Code grants the trustee status as a hypothetical bona fide purchaser of real property from the debtor; state law determines whether the trustee's status as a bona fide purchaser prevails over the rights of others; and, under California law, a conveyance of real property must be recorded to be valid against a subsequent purchaser); Cal. Civ.Code § 1215 (providing that a lien is a conveyance under California law). Assuming Marin had a lien on the sale proceeds, he did not present evidence at trial that he perfected his lien, and thus the bankruptcy trustee's interest had priority over his interest. *See Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520, 526 (9th Cir.2001) (explaining that the Bankruptcy Code grants the trustee status as a hypothetical creditor with a judgment lien on the estate property and that the trustee takes priority over

ed by 9th Cir. R. 36–3.

security interests unperfected under state law); Cal. Com.Code §§ 9102(42), 9310(a), 9312(b)(3), 9313(a), 9501(a)(2).

Marin lacks standing to raise the California homestead exemption on behalf of the debtor. *See Fox v. Smoker (In re Noblit),* 72 F.3d 757, 758–59 (9th Cir.1995) (explaining that the homestead exemption is provided for the benefit of the debtor only, and thus creditors lack standing to raise the exemption).

The bankruptcy court did not abuse its discretion by denying leave to sue the trustee. *See Curry v. Castillo (In re Castillo),* 297 F.3d 940, 947 (9th Cir.2002) ("The Trustee is immune for actions that are functionally comparable to those of judges, i.e., those functions that involve discretionary judgment.").

Marin's remaining contentions are unpersuasive.

Eva Marinkovic's "Motion to Join Appeal" is denied.

**AFFIRMED.**